Krishna A. BIRUSINGH and Patricia Birusingh, Appellees,

v.

Robert W. KNOX, Chairman, Board of Review of Pottawattamie County, Iowa; Robert Hastings, County Assessor of Pottawattamie County, Iowa, Appellants.

No. 86–866.

Supreme Court of Iowa.

July 22, 1987.

Frank W. Pechacek, Jr., and Randy R. Ewing of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellants.

Raymond E. Pogge of Pogge, Root & Fleming, Council Bluffs, for appellees.

Considered by McGIVERIN, P.J., and SCHULTZ, CARTER, WOLLE, and NEUMAN, JJ.

CARTER, Justice.

Plaintiff property owners contested the 1981 tax assessment of their real estate. Their claim was denied by the county board of review. They then appealed the matter

to the district court pursuant to Iowa Code section 441.38 (1983). Following an evidentiary hearing, the district court ordered a reduction of the assessment from approximately $180,000, as fixed by the assessor and approved by the board of review, to $125,000. The court's order directed the taxing authorities to "correct the assessment accordingly and certify it to the appropriate county officials in connection with the imposition of real estate taxes based on the January 1, 1981 assessment." On June 26, 1984, the district court's order was affirmed by the court of appeals, 364 N.W.2d 273 (Iowa App.1984). An application for further review of the court of appeals decision was denied by this court on August 31, 1984, and procedendo was filed in the district court on September 11, 1984.

The present dispute arises from a mandamus action filed by the plaintiffs in order to cause the appropriate officials to take action to correct the tax records so as to conform the amount of plaintiffs' 1981 real estate tax assessment with the decree of the court. This had not yet occurred when the mandamus action was filed on February 14, 1985, although more than five months had elapsed since the court's decree became final. By the time the mandamus action was heard, however, the problems concerning the change in the assessment ordered by the court had been resolved by the appropriate officials. On June 10, 1986, the district court entered a decree in the mandamus action finding that the request for issuance of a writ of mandamus was moot but that plaintiffs were entitled to an award of money damages in the sum of $1000 and attorney fees of $820. The action for writ of mandamus was originally brought against the chairman of the board of review, the county assessor, the county auditor, and the county treasurer. The district court's judgment for damages and attorney fees was rendered only against the chairman of the board of review and the county assessor.

On appeal, the defendants assert that the correction of plaintiffs' assessment on the official records, pursuant to the order of the district court as affirmed on appeal, was not unduly delayed. In support of this contention, they urge that the district court's order on the assessment appeal failed to allocate the aggregate assessment between residential and agricultural property. This omission, defendants assert, forced the county auditor to seek agreement of the parties *dehors* the record on the assessment appeal concerning this necessary allocation. Defendants also contend that part of the delay occurred because of an equalization order issued by the Iowa Department of Revenue. This was another matter not considered by the district court in its determination of the assessment appeal. Defendants contend that the county auditor was required to seek approval from the Iowa Department of Revenue concerning the application of the equalization order to the district court's findings.

In addition to offering excuses for the delay in correcting the assessment, the two defendants involved on this appeal assert that they are not responsible for the payment of money damages and attorney fees because such recovery is not allowable in a mandamus action. As a final issue, they contend the legal responsibility for taking the corrective action required by the court decree in the assessment appeal fell solely upon the county auditor rather than the chairman of the board of review or the county assessor.

Plaintiffs respond to defendants' arguments by asserting that, notwithstanding the problems presented in the allocation of the aggregate gross assessment and the equalization order, five months was an unreasonable length of time for correction of the assessment. They point out that Iowa Code section 661.13 (1985) provides that a money judgment "for damages and costs" may be granted in a mandamus action. In response to the claim that correction of the assessment was the sole responsibility of the auditor, plaintiffs point out that the chairman of the board of review was a defendant in the case in which the district court's order of correction was entered and Iowa Code section 441.39 (1985) provides that both the auditor and the assessor shall correct the assessment books.

Defendants' assertion that the duty sought to be compelled by mandamus was that of the auditor rather than the chairman of the board of review or the assessor is, we believe, dispositive of this appeal. The relief to be granted in a mandamus action is measured and limited by the extent of the specific powers and duties of the respondents and must not exceed such powers and duties. 55 C.J.S. *Mandamus* § 341, at 602 (1948); *see also Vandenberg v. Welker*, 74 Idaho 508, 512, 264 P.2d 1029, 1032 (1953) (must be clear duty to act).

It is possible that, had the plaintiffs sued the county under the theory that the duties involved were those of the public corporation generally, the identity of the ministerial officers would be irrelevant in enforcing the writ. *See Middle States Utils. Co. v. City of Osceola*, 231 Iowa 462, 465, 1 N.W.2d 643, 645–46 (1942). Plaintiffs did not proceed against the county in the mandamus action. They sought to compel the performance of a duty which by statute is imposed on a particular public official. In such instances, the court may not enter a peremptory order of performance of a duty not enjoined upon that official by statute. As a corollary to this rule, an award of damages and costs in a mandamus action under section 661.13 may be imposed only against those public officials enjoined by statute to perform the duties sought to be compelled in that action.

Although the local board of review and its chairman are the proper parties to defend an action brought under Iowa Code section 441.38 (1985) to dispute the validity of an assessment, they are not the parties enjoined by statute to correct the records in the event the court orders a change in the assessment. The statutes outlining the duties of the board of review and its chairman confer no responsibilities upon them with respect to correction of the tax list maintained by the auditor under Iowa Code section 443.2 (1985) after the assessing bodies have certified the assessed values to the auditor as required by Iowa Code section 443.21.[1]

As plaintiffs correctly note, section 441.-39 provides that the court's decision shall be certified "to the county auditor, and the assessor, who shall correct the assessment books accordingly." It is obvious that both the assessor and the auditor have an interest in being informed concerning a corrected assessment ordered by a court on an appeal under section 441.38. But their interests are not identical. The assessor's interest is for purposes of maintaining correct records of current assessments for use in making assessments in future years. The auditor's interest arises from the responsibility of that official to implement and provide for the collection of the correct amount of tax by the treasurer. Iowa Code §§ 443.2, .4 (1985).

The act necessary to relieve plaintiffs from the tax burden resulting from the erroneous 1981 assessment—which is clearly the relief they were seeking in the present case—had to be performed by the county auditor. It was not within the power of the assessor or chairman of the board of review to take any action correcting the amount of tax to be computed based on the court-ordered assessment for 1981. Accordingly, we conclude that the award of damages and attorney fees against the assessor and chairman of the board of review in the present case was error. The judgment of the district court is reversed.

REVERSED.

---

1. *See* Iowa Code §§ 441.31–.35 (1985).