**Richard H. SEVDE and Marguerite Sevde,**

v.

**BOARD OF REVIEW OF the CITY OF AMES, Iowa, Appellant.**

**No. 88–456.**

Supreme Court of Iowa.

Jan. 25, 1989.

John R. Klaus, City Atty., and Beth Ringgenberg, Asst. City Atty., Ames, for appellant.

Dale Sharp, Ames, for appellees.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, CARTER, and ANDREASEN, JJ.

CARTER, Justice.

The Board of Review of the City of Ames appeals from an adverse decree in an action challenging a real estate tax assessment pursuant to Iowa Code section 441.38 (1987). The primary issue presented to this court is whether the district court incorrectly classified the subject real estate as agricultural rather than commercial. Because we conclude that it did not, we affirm that court's decree subject only to a remand for determination of omitted issues identified later in this opinion.

Plaintiffs, Richard H. and Marguerite Sevde, own a parcel of land located in the City of Ames consisting of approximately twenty-one acres. For assessment years 1985 and many years prior thereto, this property had been classified as "agricultural" for assessment purposes. The assessment of the property on January 1, 1985, pursuant to the agricultural classification, was $1045 per acre.

During the year 1985, plaintiffs constructed three buildings on the property each 160 feet by 30 feet. These buildings are partitioned into 123 separate storage areas offered for rent to the general public. In both 1985 and 1986, plaintiffs leased the remaining 19.6 acres for agricultural purposes, receiving a cash rent of $2100 in

each of these years. Gross revenues received by plaintiffs from the storage enterprise in 1985 were $6372. Expenses for the storage business in that year totaled $6372, which included $2302 for depreciation. Gross revenues received by plaintiffs from storage in the calendar year 1986 totaled $33,649. Expenses for the storage business in that year totaled $33,649, which included $10,640 for depreciation.

Acting on the belief that there had been a change in the value of the subject real estate, the assessor, on January 1, 1986, a nonassessment year, reassessed plaintiffs' twenty-one-acre tract by applying a "commercial" classification to the property.[1] The aggregate assessment was increased from $21,945 to $390,700. This aggregate was divided between buildings and land in the ratio of $201,700 (buildings) to $189,000 (land).

The plaintiffs protested the January 1, 1986, assessment to the defendant Board of Review. The Board granted no relief to the plaintiffs from the increase in assessment other than changes mandated by a state equalization order. Plaintiffs appealed the Board's decision to the district court as permitted by Iowa Code section 441.38 (1987).

The district court concluded that, notwithstanding the commercial activities associated with the storage business, the twenty-one-acre tract continued to be primarily used for agricultural purposes. The court's decree determined that the entire tract should be assessed as agricultural property and the valuations determined accordingly. The Board of Review has challenged that determination in the present appeal. Other facts bearing on the decision on appeal will be discussed in connection with our consideration of the legal issues presented.

I. *Classification of Property as Agricultural.*

■ The issues on appeal illustrate the "single tract" assessment concept which

1. Iowa Code § 428.4 provides for assessment of real estate in the odd numbered years, provided, however, "[i]n any year, after the year in which an assessment has been made ... it shall be the duty of the assessor to value and assess or revalue and reassess ... any real estate ... the assessor finds has changed in value subsequent to January 1 of the preceding real estate or personal property assessment year."

pervades the process of listing real property for assessment in this state. *See, e.g.,* Iowa Code §§ 428.4, 428.7, 441.29 (1987). Prior to 1976, Iowa Code section 428.7 (without the italicized language) provided substantially as follows with respect to a maximum assessable land unit:

A description shall not comprise more than one city lot or other smallest subdivision of the land according to the government surveys, except in cases where the boundaries are so irregular that it cannot be described in the usual manner in accordance therewith. *However, descriptions may be combined for assessment purposes to allow the assessor to value the property as a unit.* This section shall apply to known owners and unknown owners, alike.

(Emphasis added.) In *Davison v. Board of Review,* 209 Iowa 1332, 1339, 230 N.W. 304, 307 (1930), this court stated:

The manifest purpose of the foregoing statute is to forbid lump valuations of large areas, and to require the valuation to be specific, and to be directed to what may be termed the natural units of the government subdivisions....

The italicized language was added to section 428.7 in 1976. 1976 Iowa Acts ch. 1190, § 14. That amendment grants the assessor some discretion to aggregate separately described tracts for valuation purposes.[2] There is, however, no corresponding authorization granted the assessor to subdivide the historic legal descriptions of properties for purposes of separately assessing individual portions thereof.

The absence of authority to subdivide tracts for assessment purposes does not present a problem if the assessment is to be based on market value of the tract sold as a unit. As observed in 84 C.J.S. *Taxation* section 407, at 776 (1954), "[w]hile a single tract should be valued as a unit, it is not improper in making a preliminary computation, first to value different parts, where they are not treated or assessed as separate units, and the aggregate result is the assessment of a single unit." (Footnotes omitted.) If, however, the assessment is required to be made under a statutory formula tied to a particular use of the property and some portion of the property is used differently than other portions, problems can arise in applying the formula valuation to the unit as a whole. This is the situation in the present case. Notwithstanding these problems, the parties concede that the property involved in the present case must ultimately be classified as either entirely agricultural or entirely commercial.

■ Under administrative regulations adopted by the Iowa Department of Revenue and Finance, the determination of whether a particular property is "agricultural" or "commercial" for assessment purposes is to be decided on the basis of its primary use. With respect to agricultural real estate, these regulations provide:

Agricultural real estate shall include all tracts of land and the improvements and structures located on them which are in good faith *used primarily for agricultural purposes* except buildings which are primarily used or intended for human habitation.... Land ... shall be considered to be used primarily for agricultural purposes if its principal use is devoted to the raising and harvesting of crops or forest or fruit-trees, the rearing, feeding, and management of livestock, or horticulture, all for intended profit.

701 Iowa Admin. Code 71.1(3) (emphasis added). With respect to commercial real estate, these regulations provide:

Commercial real estate shall include all lands and improvements and structures located thereon *which are primarily used or intended* as a place of business where goods, wares, services or mer-

2. It has not been determined whether such right exists beyond a situation involving contiguous lands. Nor has it been determined how this right of aggregation affects the landowner's right to make separate redemption of individual tracts sold at tax sale. The issue of aggregating separately described tracts for assessment purposes is discussed in *Millbrook Farm v. Watson,* 264 Cal.App.2d 512, 516, 70 Cal.Rptr. 745, 748 (1968), and *In re Tax Sale of Bolen,* 393 Pa. 377, 380, 143 A.2d 339, 340–41 (1958).

chandise are stored or offered for sale at wholesale or retail.

701 Iowa Admin. Code 71.1(5) (emphasis added).

In applying these regulations, the district court made the following finding of fact:

The primary use of this land historically has been for agricultural purposes. The question is whether the construction of storage units on approximately 1.4 acres of the parcel changed the use.... The parcel was still preeminently or fundamentally used for agricultural purposes notwithstanding the construction of the storage units. There still was a good faith effort to use the land primarily for agriculture. The land was farmed and a profit was realized.

The Board argues that in finding the use of the property to be primarily agricultural the district court placed too much emphasis on how a larger proportion of the land area was functionally utilized and too little emphasis on which use of the land had the greater economic impact. We disagree. The district court's findings gave careful consideration to the relative economic effect of the differing uses made of the property. In so doing, it correctly concluded that an activity which is not a primary use of the property does not become such because it produces more revenue in a particular year than the dominant activity. Although the issue of primary use is extremely close in the present case, we conclude, upon our de novo review, that the district court's determination should be affirmed.

II. *Failure of the District Court to Fix Assessed Valuation in its Decree.*

After concluding that the subject real estate was properly classified as agricultural for the year 1986, the district court directed that the city assessor should reassess the property under guidelines contained in the Iowa Administrative Code. We believe that on the trial of an assessment appeal in the district court under Iowa Code section 441.39 the court is required to make a final determination of what the proper assessment should be relating back to the time when the assessment was required to be made. *Utica Realty Co. v. Local Bd. of Review*, 231 Iowa 380, 387–88, 1 N.W.2d 213, 217 (1941); *Davison*, 209 Iowa at 1339, 230 N.W. at 307. Adherence to this requirement is necessary in order that the statutory provisions for correction of the assessment by the county auditor may be utilized. *See Birusingh v. Knox*, 409 N.W.2d 189, 191 (Iowa 1987).

For this purpose, section 441.39 provides that the district court's decree shall be certified to the county auditor. Consequently, although the decree of the district court is affirmed, the case is remanded to the district court for such further proceedings as might be necessary in that court to finally determine the amount of plaintiffs' assessment for January 1, 1986, and to certify that amount to both the county auditor and assessor.

AFFIRMED AND REMANDED.