Linda F. VOGT, Appellee,

v.

**BOARD OF REVIEW OF WAPELLO COUNTY, Iowa, and Wapello County, Iowa, Appellants.**

No. 93–637.

Supreme Court of Iowa.

July 27, 1994.

William Appel, County Atty., and R.T. Starken, Asst. County Atty., for appellants.

J. Terrence Denefe of Kiple, Kiple, Denefe, Beaver & Gardner, Ottumwa, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and TERNUS, JJ.

HARRIS, Justice.

A taxpayer successfully challenged the valuation the county assessor placed on her property in 1991. In 1992, while her challenge was working its way through the appellate process, the property was assessed at the same amount for the following year. The question here is whether, as the defendant board of review[1] urges, the taxpayer lost her right to challenge the 1992 assessment by failing to exhaust her administrative remedies. We agree with the district court that she did not.

I. Under Iowa Code section 428.4 (1991) property is to be listed, valued and assessed during odd numbered years. On even num-bered years, commonly called interim years, the valuation is locked into that of the preceding (odd numbered) year. Only if there was error in the preceding valuation, or a change in the value of the property, does the assessor adjust the valuation during an interim year. The assessor must complete these valuations not later than April 15 of the applicable year. Iowa Code § 441.28. The taxpayer then has from April 16 to May 5 to protest before the board of review. Iowa Code § 441.26. The board's decision may be appealed to the district court. Iowa Code § 441.38.

■ Each tax year is considered separate; the assessment for one year is an individual matter. *Farmers Grain Dealers Ass'n v. Woodward*, 334 N.W.2d 295, 298 (Iowa 1983). "A failure to make a timely protest or to take a timely appeal to court deprives the taxpayer of [the] protest or appeal and renders the assessment a finality for that year." *Id.*

■ The process for fixing the value of property for tax purposes involves three steps: taxable property is put on the tax rolls, value is determined, review of that determination is through the board and court system. *Id.* at 299. This process is exclusive. "In Iowa the courts do not have parallel authority to assess property; they can only judicially review afterward, as the statute provides." *Id.*

II. In 1991 the Wapello County assessor valued real property owned by Linda Vogt, the plaintiff, at more than $381,000. Vogt filed a protest with the board of review, claiming the valuation was excessive. The board rejected the protest and accepted the assessor's valuation. Vogt subsequently appealed the board's decision to district court. The district court reduced the valuation to $287,200 as of January 1, 1991. This order was entered on July 13, 1992. Neither party appealed the district court's determination.

In 1992, prior to the district court order on the 1991 valuation, the assessor again valued

1. Wapello County is also a party defendant. For simplicity we refer to the board of review as the singular defendant.

the property at more than $381,000.[2] Vogt again appealed to the board of review, which accepted the assessor's valuation. This decision was entered prior to the district court's order as well. Vogt did not appeal this finding to district court and it is upon this failure that the board grounds its exhaustion contention.

In February 1993 Vogt filed this declaratory judgment action, seeking relief from the 1992 valuation. The board resisted by way of a motion for summary judgment, contending that Vogt, having failed to exhaust her remedies in 1992, was time-barred.

The board's position at first blush appears correct. We have said that an interim year protest can be grounded only on a change in value. *Eagle Food Ctrs., Inc. v. Board of Review,* 497 N.W.2d 860, 862 (Iowa 1993); *James Black Dry Goods Co. v. Board of Review,* 260 Iowa 1269, 1277, 151 N.W.2d 534, 599 (1967). This rule is now embodied in 701 Iowa Administrative Code 71.-20(4)(b)(6). The district court nevertheless overruled the motion and directed the 1992 valuation to be adjusted so as to conform with that previously fixed by the court for 1991.

The matter is before us on the board's appeal from that order.

 III. The board of review believes our holding in *Farmers Grain* is dispositive, arguing that, by failing to appeal the 1992 assessment, Vogt is locked into the prior assessment. The facts in *Farmers Grain* were indeed strikingly similar to those in this case. There the assessor valued the taxpayer's property in 1971. The taxpayer appealed the assessment to us and, in 1978, we reduced the valuation. Meanwhile, in 1972 through 1974, the assessor continued to value the property at the 1971 level without any appeal from the taxpayer. As in this case, the *Farmers Grain* taxpayer demanded a refund for interim years following our ruling on the initial year. When the board refused, the taxpayer filed a mandamus action that ultimately reached us on appeal. We noted that nowhere did the statutes provide that a protest and appeal in one year sufficed as a

protest and appeal for another year. 334 N.W.2d at 299. We thus held the taxpayer was bound by the unappealed interim assessments.

Despite its factual similarities, the present case differs from *Farmers Grain* in a crucial and controlling respect. The *Farmers Grain* taxpayers "did not protest or seek judicial review for the values fixed in 1972, 1973 and 1974." *Id.* at 297. Vogt did protest her 1992 valuation to the board and eschewed judicial review thereafter only because, under the statutory scheme for intervening years, the valuation was locked into the preceding year. Indeed Vogt's appeal on the previous year was not then complete. So when Vogt appealed the 1992 valuation, the board noted that only a change in value is a ground for appeal in an interim year. As no change in value existed, the board rejected the appeal.

We think the district court was correct in rejecting the board's exhaustion of remedies contention. Otherwise Vogt would face a lose-lose choice we cannot believe was intended by the legislature. Under the statute she could not challenge the 1992 valuation (based upon the 1991 valuation and then under challenge) in the absence of a change in value. Yet the board argues the courts must bind her with the 1991 valuation because judicial review was not sought. In other words, the board argues that Vogt should be barred for not going to court to ask review of a position expressly denied by statute.

In these special circumstances we think Vogt took her 1992 valuation protest as far as required. We thus hold that Vogt did exhaust the limited administrative remedy available to her under the statutory scheme. When the 1991 (odd year) valuation was later adjusted in her favor, the reduced valuation was, under these facts, also fixed for (interim year) 1992.

**AFFIRMED.**

---

2. Actually, due to an equalization order not perti-

nent here, the value was set even higher.