TRANSFORM, LTD., Appellee,

v.

ASSESSOR OF POLK COUNTY, IOWA; Auditor of Polk County, Iowa; Treasurer of Polk County, Iowa; and Board of Review of Polk County, Iowa, Appellants.

No. 94–2040.

Supreme Court of Iowa.

Feb. 14, 1996.

John P. Sarcone, County Attorney, and Mark Godwin and Michael J. O'Keefe, Assistant Polk County Attorneys, for appellant.

David L. Charles of Belin Harris Lamson McCormick, A Professional Corporation, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

NEUMAN, Justice.

This appeal concerns the proper application of the statutory two-year valuation cycle that governs the state's system of property tax assessment. Under this system, real property is independently valued only in odd-numbered "assessment" years. In the even-numbered, or "interim" years, the assessment—absent error or change in value—is "locked into" the valuation from the preceding year. *Vogt v. Board of Review,* 519 N.W.2d 395, 396 (Iowa 1994).

The question is whether a taxpayer who successfully challenges an odd-numbered year assessment is entitled to a comparable adjustment to the interim-year assessment in the absence of a timely protest or appeal. Because we believe, as did the district court, that the taxpayer is entitled to the benefit of the reduction in *both* years, we affirm the judgment for the plaintiff.

I. This case reaches us on appeal from summary judgment for the taxpayer. Because the material facts are undisputed and the only conflict concerns the legal consequences flowing from those undisputed facts, summary judgment is proper and our review is limited to the correction of legal error. *Montgomery Ward Dev. Corp. v. Board of Review,* 488 N.W.2d 436, 439 (Iowa 1992).

II. Plaintiff Transform, Ltd. is a Des Moines-based real property holding company for an international conglomerate of construction companies. This controversy concerns a twenty-one acre parcel of commercial property owned by Transform. For the 1993 assessment year, Polk County[1] valued the property at $4,055,310.

Transform protested the assessment to the Polk County Board of Review on the ground the assessment exceeded the value authorized by law. The board denied the protest, concluding that the assessment was equitable when compared to similar property in the area. Transform then filed a timely appeal of the denial of its 1993 protest to the district court for Polk County.

The case was not heard until June 30, 1994. Thereafter the district court ruled that the 1993 assessment was excessive, and found the fair market value of the property to be $2,300,000. Neither party appealed. Meanwhile, because the 1993 appeal was not decided by January 1, 1994, the 1994 value of the property remained listed by the assessor at $4,055,310. Transform, however, did not file a separate protest of the 1994 assessment.

Instead, Transform filed a petition for declaratory judgment, or in the alternative for a writ of mandamus, seeking to compel Polk County to decrease the 1994 assessment to the established 1993 value. Eventually Transform moved for summary judgment, contending the 1994 assessment should match the 1993 value because (1) no increase in the property value was alleged and (2) Transform was not accorded any notice or opportunity to be heard on the "increased" assessment. Polk County resisted the mo-

---

**1.** Except where otherwise noted, defendants Polk County assessor, auditor, treasurer and board of review will all be called "Polk County" throughout this opinion.

tion and filed its own cross-motion for summary judgment arguing (1) the trial court had no jurisdiction over the matter because Transform failed to exhaust its administrative remedies and (2) taxing authorities had complied with the notice provision of Iowa Code chapter 441, thereby satisfying due process requirements as a matter of law.

The district court ruled in Transform's favor on two grounds. First, it concluded Transform could not be faulted for failing to exhaust alleged administrative remedies because an interim-year challenge is permitted only on the ground of change in value, not excessiveness. Thus, the court found, Transform could not be compelled to seek an administrative remedy expressly denied by statute. Alternatively, the court ruled that any refusal to excuse Transform from exhausting administrative remedies would effectively constitute a denial of due process. The court therefore granted Transform's motion, directing Polk County to amend the 1994 assessment rolls and tax records to reflect a fair market value of $2.3 million, the same as shown in 1993. This appeal by the defendants followed.

III. In support of reversal, Polk County relies heavily on our decision in *Farmers Grain Dealers Association v. Woodward,* 334 N.W.2d 295 (Iowa 1983). There, as here, the taxpayer successfully challenged the first-year assessment (in what was then a quadrennial valuation cycle) but failed to protest or appeal interim-year valuations while the initial challenge wound its way through the appeal process. *Id.* at 296–97. Instead the taxpayer sought mandamus under Iowa Code section 445.60 to compel a refund of excess taxes assessed and paid. *Id.* This court affirmed the denial of mandamus, ruling that by not timely protesting and appealing the interim assessments, the taxpayer had lost its right to challenge them under Iowa Code chapter 441.

Our decision in *Farmers Grain* rested on two principal findings: (1) that an interim-year assessment could be challenged on any ground raised in the assessment-year protest, and (2) annual protests serve local governments' need for budgetary planning. *Id.* at 299–300. This court subsequently adopted the rationale of *Farmers Grain* in *Montgomery Ward Development Corp.,* 488 N.W.2d at 439–40, concluding that in order to exhaust administrative remedies, taxpayers must renew tax assessment challenges from year to year.

Very recently, however, this court has retreated from the exhaustion analysis applied in *Farmers Grain* and *Montgomery Ward.* In *Vogt v. Board of Review,* the taxpayer protested—but did not appeal—an interim-year assessment while the assessment-year challenge was on appeal. 519 N.W.2d at 397. Once the valuation was adjusted in the taxpayer's favor, she filed for declaratory judgment in district court seeking relief from the valuation. *Id.* Rejecting the board of review's exhaustion-of-remedies contention, this court affirmed the district court's view that failure to appeal was not fatal to the taxpayer's claim for refund. *Id.* We reasoned that an appeal would have been futile; the taxpayer's only basis for appeal was excessiveness of the initial assessment—a ground of appeal expressly denied in interim years by statute. *Id.*

Crucial to our analysis but unstated in *Vogt* was the recognition of an error in statutory interpretation now evident in the *Farmers Grain* analysis: that an interim-year protest can be lodged for a reason other than change in the property's value. Neither the language of the governing statutes nor case law predating and postdating *Farmers Grain* support such an interpretation. *See* Iowa Code § 441.35, .37;[2] *James Black Dry*

---

2. Iowa Code § 441.37 pertinently provides:
   In addition to the [five assessment-year protest grounds], the property owner may protest *annually* to the board of review under the provisions of section 441.35, but such protest shall be in the same manner and upon the same terms as heretofore prescribed in this section. (Emphasis added.)
   Section 441.35, in turn, provides:

*In any year after the year in which an assessment has been made* of all of the real estate in any taxing district, it shall be the duty of the board of review to meet as provided in section 441.33, *and where it finds the same has changed in value,* to revalue and reassess any part or all of the real estate contained in such taxing district, and in such case, it shall determine the actual value as of January 1 of the

*Goods Co. v. Board of Review,* 260 Iowa 1269, 151 N.W.2d 534, 535 (1967) ("The only ground applicable to interim years is a change in value."). *Accord Vogt,* 519 N.W.2d at 397; *Eagle Food Ctrs. v. Board of Review,* 497 N.W.2d 860, 862 (Iowa 1993); *Grundon Holding Corp. v. Board of Review,* 237 N.W.2d 755, 758 (Iowa 1976). Moreover, as noted in *Vogt,* the principle is now firmly established in the administrative regulations supporting chapter 441:

> [A change in value of real estate since the last assessment] is the *only ground* upon which a protest pertaining to the valuation of a property can be filed in a year in which the assessor has not assessed or reassessed the property pursuant to Iowa Code section 428.4. *In a year subsequent to a year in which a property has been assessed or reassessed* pursuant to Iowa Code section 428.4, *a taxpayer cannot protest to the board of review based upon actions taken in the year in which the property was assessed or reassessed.*

701 Iowa Admin.Code r. 71.20(4)(b)(6) (emphasis added).

We also now question the secondary rationale underlying *Farmers Grain*'s holding: that "[p]erhaps the Assembly believed that local government needs to know which years are in contest and which are not, in planning and providing for expenditures and possible refunds." *Farmers Grain,* 334 N.W.2d at 300. The undisputed record before us seriously weakens this assumption. The chief deputy assessor made plain that, at least in Polk County, taxing authorities make no use of information concerning tax assessment protests when preparing annual budgets.

▇ This court has recognized that if "the agency is incapable of granting the relief sought during the subsequent administrative proceedings, a fruitless pursuit of these remedies is not required." *Salsbury Lab. v. Iowa Dep't of Envtl. Quality,* 276 N.W.2d 830, 836 (Iowa 1979). Here, the administrative course sought to be required—an appeal of the excessiveness of an interim assessment—was not merely inadequate, it was prevented by statute. Although exhaustion requirements are waived only sparingly, we believe the district court properly did so here.

Fair play and common sense dictate the same result. A pending assessment-year appeal effectively gives the county notice of a taxpayer's dispute with the interim-year value. *See Estepp v. Miller,* 731 S.W.2d 677, 680 (Tex.App.1987). All agree that no change in the factual foundation for the disputed assessment existed here. Thus further litigation to determine the same facts would do no more than needlessly waste judicial resources. *See id.* Moreover, penalizing the taxpayer for failing to commence such duplicative litigation would, in this case, result in an unjustifiable tax windfall to the county. Given the fact that the taxpayer could not legitimately appeal the assessment in the absence of "change," it seems patently unfair for the county to benefit from refusal to reduce the assessment to the property's adjudicated value.

IV. In conclusion, we believe Transform was entitled to a 1994 (interim-year) property tax assessment that matched the valuation, as finally adjusted, for 1993 (the assessment year). The record reflects no change in the property's value during the governing time period. Iowa Code sections 441.35 and .37 limit interim-year protests and appeals to challenges based on error or change in value. Because the taxpayer could not have prevailed in the interim year on the ground urged in the assessment year—excessiveness of the valuation—protest and appeal would have been futile. The contrary holding of *Farmers Grain,* repeated in *Montgomery Ward,* was erroneous and must be overruled. We thus affirm the judgment for refund ordered by the district court.

**AFFIRMED.**

---

year of the revaluation and reassessment and compute the taxable value thereof, and *any aggrieved taxpayer may petition for a revalua-* *tion of the taxpayer's property,* but no reduction or increase shall be made for prior years. (Emphasis added.)