**R.R.S. INVESTMENTS,
Plaintiff–Appellant,**

v.

**CITY OF DAVENPORT BOARD OF REVIEW, Defendant–Appellee.**

No. 03–376.

Court of Appeals of Iowa.

Feb. 27, 2004.

Steven E. Balk of McGhee, Bolling, Whitemore, Olson & Pepping, Ltd., Silvis, Illinois, for appellant.

John R. Martin, Davenport, for appellee.

Heard by SACKETT, C.J., and VAITHESWARAN and EISENHAUER, JJ.

SACKETT, C.J.

Plaintiff-appellant R.R.S. Investments, Inc. appeals the summary judgment of the district court in favor of defendant-appellee City of Davenport Board of Review (Board) affirming the Board's denial of plaintiff's tax assessment appeal. On appeal plaintiff claims the district court erred in granting summary judgment to the Board on the basis that plaintiff had failed to exhaust all of its administrative remedies prior to appeal. We affirm.

## I. BACKGROUND FACTS AND PROCEEDINGS

The facts of this case are not in dispute. Plaintiff owns property containing a dialysis clinic. A 1998 assessment set the value of the property at $713,400. Plaintiff appealed this assessment to the Board, which determined the value of the property to be $730,900. Plaintiff appealed the Board's assessment to the district court, which determined the value to be $630,000. Plaintiff again appealed, and on July 28, 2000 our court determined the proper value for the 1998 assessment was $472,000. *R.R.S. Inv. v. Board of Review of the City of Davenport*, No. 99–0697, 2000 WL 852817 (Iowa Ct.App. June 28, 2000).

While the 1998 assessment was pending, the property at issue was reassessed in 1999 and again in 2001. The property was assessed at $663,500 in 1999. This assessment remained unchanged in 2000. In 2001 the property was assessed at $585,200. This 2001 assessment remained unchanged in 2002.

On April 29, 2002 plaintiff appealed to the Board, contesting the 1999, 2000, 2001 and 2002 assessments by claiming they should reflect the reduced court-of-appeals assessment value. The Board denied plaintiff's appeal. Plaintiff appealed to the district court. The court granted summary judgment to the Board on the basis that plaintiff had failed to exhaust its administrative remedies.

In this appeal plaintiff contests the district court's decision only as it applies to the 1999 and 2000 assessments.

## II. SCOPE OF REVIEW

As both parties agree there are no facts in dispute in this matter, our review of the district court's summary judgment is for errors at law. *Transform, Ltd. v. Assessor of Polk County*, 543 N.W.2d 614, 615 (Iowa 1996).

## III. ANALYSIS

At issue is whether plaintiff, whose appeal of the 1998 assessment was pending until June of 2000, was required to renew an assessment protest in the years 1999 and 2000 in order subsequently to challenge those assessments on the basis of the reduced court-of-appeals valuation.

Iowa has a biennial system of real estate tax assessment. Odd-numbered years are "assessment years." *Transform*, 543 N.W.2d at 615. Even-numbered years are "interim years." *Id.* During interim years property generally maintains the value it had the preceding assessment year. *Id.*

Iowa Code section 441.37 (2001) sets the parameters for appealing a property assessment. It states in relevant part,

1. Any property owner or aggrieved taxpayer who is dissatisfied with the owner's or taxpayer's assessment may file a protest against such assessment with the board of review on or after April 16, to and including May 5, *of the year of the assessment.*

(Emphasis added.) Unless the property value changes, there is no recognized interim-year appeal. *Transform,* 543 N.W.2d at 616.

In *Transform,* 543 N.W.2d at 617, however, the supreme court reasoned that because there was no statutory interim-year ground for appeal except in the case of property value changes, a taxpayer who successfully challenged an assessment year assessment was entitled to a comparable adjustment to the interim-year assessment for the following year in the absence of timely protest or appeal.

Plaintiff argues that based upon the $630,000 valuation of the district court, he did not consider it a wise use of his resources to pursue both his appeal of that valuation as well as each of the 1999 and 2000 assessments. Plaintiff claims it was not until the court of appeals significantly reduced the valuation of his property to $472,000, which occurred after the deadline for 1999 and 2000 assessment appeals, that it became prudent to appeal those assessments as well.

As authority, plaintiff refers us to the *Transform* decision and asks that we expand *Transform* to allow for comparable assessment adjustments for all years which pass between the year an assessment is appealed and the year in which it proves successful.

*Transform* is distinguishable, however, from the case at hand. *Transform* only applies to the two-year assessment year-interim year time period. *Transform,* 543 N.W.2d at 617. As the Board argues, the supreme court's reasoning in *Transform* was based largely on the fact that the only statutorily recognized basis for an interim-year challenge was a change in the value of the property during that interim year. *Id.* Because an interim-year challenge alleging an excessive assessment is not a recognized ground for appeal, the court concluded taxpayers should not have to make such a groundless claim in order to exhaust their administrative remedies. *Id.* The court therefore allowed for comparable adjustments in interim-year valuations if taxpayers successfully appealed the immediately preceding assessment year valuations, whether or not an interim-year appeal was formally made. *Id.*

In this case, in contrast, plaintiff's requested adjustment would apply to an entirely new assessment year (1999) as well as to the interim year (2000) following that new assessment year. Contrary to the facts in *Transform,* in this case plaintiff had the opportunity to pursue any of the statutory assessment appeals available during new assessment year 1999.

We further note that according to Nicholas Doenges's affidavit, plaintiff's property was reassessed using a different assessment methodology in 1999. In *Transform* only one assessment was at issue, and the interim year assessment was merely allowed to conform to the assessment of the preceding assessment year. *Id.* In this case plaintiff is seeking to make an entirely new two-year assessment year-interim year period conform to the preceding two-year period, even after the property value has been re-assessed under a different methodology.

Given the rationale of *Transform* and the fact that the property at issue was reassessed and given a different value in 1999, we are not inclined to extend the holding in *Transform* to provide for assessment adjustments beyond the two-year assessment year-interim year period. The trial court correctly granted the summary judgment.

**AFFIRMED.**