# IN THE COURT OF APPEALS OF IOWA

No. 18-0929
Filed August 7, 2019

**CHAD MILLER,**
    Plaintiff-Appellant/Cross-Appellee,

**vs.**

**PROPERTY ASSESSMENT APPEAL BOARD,**
    Defendant-Appellee/Cross-Appellant,

**And**

**SCOTT COUNTY BOARD OF REVIEW,**
    Intervenor.

_____

        Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.


        Plaintiff appeals the district court decision affirming the Property Assessment Appeal Board's (PAAB) determination his property should be classified as residential, and the PAAB cross-appeals the court's remand on the issue of an inequitable assessment. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**


        Stephen P. Wing of Dwyer & Wing, P.C., Davenport, for appellant/cross-appellee.

        Jessica Braunschweig-Norris and Bradley O. Hopkins, Des Moines, for appellee/cross-appellant.

        Robert L. Cusack, Assistant County Attorney, for intervenor.


        Considered by Vaitheswaran, P.J., and Potterfield and Doyle, JJ.

**POTTERFIELD, Judge.**

Chad Miller appeals the district court decision affirming the ruling of the Iowa Property Assessment Appeal Board (PAAB) that his property should be classified as residential rather than agricultural. The PAAB cross-appeals the court's determination the issue of inequitable assessment of Miller's property should be remanded to the PAAB. We affirm the district court and the PAAB on the issue of the classification of Miller's property as agricultural. We reverse the district court's decision on the issue of inequitable assessment. We remand for an order affirming the PAAB's decision on inequitable assessment.

I.      **Background Facts & Proceedings**

Miller owns 10.22 acres of land in Scott County, which he purchased in 2008. About two acres of the property is considered the homestead and contains improvements, including a two-story house with a porch, deck, patio, and garage. About five acres is a slough, with streams and forest. Miller has 3.6 acres of cropland. The cropland is in a 100-year flood plain. In 2009 to 2011, he grew hay. In 2012 and 2013, he grew corn. He did not have any crops in 2014 due to weather conditions. In 2015, he had corn and pumpkins.

Miller lost money most years from his crops. He lost $5064 in 2012; $14,335 in 2013; and $4324 in 2014, but he earned $338 in 2015. He had a total negative net cash flow of $23,385 over the four-year period from 2012 to 2015. When questioned, Miller was unable to explain how he intended to make his crop production profitable. He sold some of his crops, gave some away, and used the rest to feed his family. The property is zoned agricultural.

For taxation purposes, Miller's property is classified as residential. He challenged the classification in 2013. The Scott County Board of Review (Board) denied his claim. He appealed to the PAAB, which found, "Because of the short-period of agricultural use prior to the assessment date and the other uses made of the property, we find Miller has not demonstrated that the property's primary use as of January 1, 2013, was agricultural."

Miller challenged the residential classification of his property again in 2015. He also claimed the property was inequitably assessed to be worth $873,220. The Board denied his petition, and he appealed to the PAAB. On the issue of classification, the PAAB found:

> Turning to intended profit, we do not deny that Miller is engaged in growing produce and he has spent considerable time, money, and energy to develop a portion of the site for farming. However, Miller testified that he was unable to determine what his profit may be in the future and that the crop he does produce is primarily for personal use, bartered, or given away. Miller's ambiguity about potential future profits causes us to seriously question whether this agricultural use is being done with any intent to profit.
>
> Miller testified to his subjective intent that the property will become profitable at some point in the future. Under the current circumstances, however, we do not find this to be objectively reasonable. Given the small size of the farmable area, its minimal income-producing capacity, the large upfront capital expenditures, and the lack of any apparent plan designed to bring the operation into profitability, we are not convinced the subject property is being operated with an intent to profit from the agricultural use.

On the issue of inequitable assessment, Miller presented to the PAAB five properties he claimed were comparable and showed his property had been inequitably assessed. The PAAB determined four of the properties were not comparable and did not consider them. Concerning the remaining property, the PAAB determined Miller needed to present more than one comparable property

to establish inequity. The PAAB concluded Miller failed to establish the assessment of his property was inequitable.

Miller filed a petition for judicial review. The district court determined there was substantial evidence to show the primary use of Miller's property was for residential purposes and affirmed on this ground. On the issue of inequitable assessment, the court found, "PAAB committed legal error in concluding the *statute* required more than one" comparable property to show an inequitable assessment. The court reversed on this issue and remanded the matter to the PAAB. Miller appealed the decision of the district court, and the PAAB cross-appealed.

## II. Standard of Review

On an appeal from a decision of the PAAB, "the court's review shall be limited to the correction of errors at law." Iowa Code § 441.39 (2015). "In reviewing an agency decision on judicial review, we will apply the standards of chapter 17A to determine if we reach the same results as the district court." *Naumann v. Iowa Prop. Assessment Appeal Bd.*, 791 N.W.2d 258, 260 (Iowa 2010). "We are bound by PAAB's findings of fact if they are supported by substantial evidence." *Wendling Quarries, Inc. v. Prop. Assessment Appeal Bd.*, 865 N.W.2d 635, 638 (Iowa Ct. App. 2015).

"If the agency's action was based on an erroneous interpretation of a provision of law whose interpretation has not been clearly vested in the agency, we shall reverse, modify or grant other appropriate relief from the agency action." *Naumann*, 791 N.W.2d at 260. Where the PAAB does not have explicit or

implicit authority to interpret a statute, the court may substitute its interpretation of the statute. *See Wendling Quarries*, 865 N.W.2d at 638.

### III.  Classification of Property

Miller claims the PAAB erred by determining his property should be classified as residential rather than agricultural. He states the principal use of the property is for agricultural purposes. Miller states he intends to make a profit from his agricultural endeavors but has not yet become successful. He asserts the PAAB's decision is not supported by substantial evidence.

A property owner may challenge an assessment on the ground the property has been misclassified. Iowa Code § 441.37(1)(a)(1)(c). "The burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, inequitable, or capricious." Iowa Code § 441.21(3)(b); *see also id.* § 441.37A(3)(a); *Wendling Quarries*, 865 N.W.2d at 638 (noting on judicial review "the burden is on the party asserting the invalidity of the agency action").

The classification of property "for assessment purposes is to be decided on the basis of its primary use." *Sevde v. Bd. of Review*, 434 N.W.2d 878, 880 (Iowa 1989). The court may consider "the relative economic effect of the differing uses made of the property." *Id.* at 881. "[A]n activity which is not a primary use of the property does not become such because it produces more revenue in a particular year than the dominant activity." *Id.*

"Agricultural real estate" has been defined as:

> Agricultural real estate shall include all tracts of land and the improvements and structures located on them which are in good faith used primarily for agricultural purposes except buildings which are primarily used or intended for human habitation as defined in subrule 71.1(4). Land and the nonresidential improvements and

structures located on it shall be considered to be used primarily for agricultural purposes if its principal use is devoted to the raising and harvesting of crops or forest or fruit trees, the rearing, feeding, and management of livestock, or horticulture, all for intended profit. Agricultural real estate shall also include woodland, wasteland, and pastureland, but only if that land is held or operated in conjunction with agricultural real estate as defined in paragraph *"a"* or *"b"* of this subrule.

Iowa Admin. Code r. 701-71.1(3)(a). "Agricultural real estate is land that is 'in good faith primarily used for agricultural purposes.'" *Colvin v. Story Cty. Bd. of Review*, 653 N.W.2d 345, 350 (Iowa 2002) (quoting Iowa Admin. Code r. 701-71.1(3)).

We find there is substantial evidence in the record to support the PAAB's conclusion Miller's land was primarily used for residential and not for agricultural purposes. The evidence did not show Miller was harvesting crops "all for intended profit." *See* Iowa Admin. Code r. 701-71.1(3). The production of crops on the land had not been financially successful in the past, and Miller did not have a plan to make it profitable in the future. When Miller was asked how much he expected to earn from his crops, he stated, "I don't know; I would just be guessing." "Our task is not to determine whether evidence might support a different finding, but whether the evidence supports the findings actually made." *Brewbaker v. State Bd. of Regents*, 843 N.W.2d 466, 474 (Iowa Ct. App. 2013).

## IV. Inequitable Assessment

A property owner may challenge an assessment on the ground "[t]hat said assessment is not equitable as compared with assessments of other like property in the taxing district." Iowa Code § 441.37(1)(a)(1)(a). "When this ground is relied upon as the basis of a protest the legal description and assessments of a

representative number of comparable properties, as described by the aggrieved taxpayer shall be listed on the protest, otherwise said protest shall not be considered on this ground."[1]  *Id.*  Miller had the burden of proof to show the assessment of his property was inequitable when looking at the assessments of comparable properties.  *See H & R P'ship v. Davis Cty. Bd. of Review*, 654 N.W.2d 521, 527 (Iowa 2002) ("The burden of proof on this issue rested with the property owners, and they have failed to show that their evidence of comparable sales was superior to the evidence relied on by the assessor and board of review.").

Miller submitted five properties for comparison.  Exhibit 104 was classified residential.  The PAAB found the property contained two parcels and one of the parcels was wholly exempt from taxation.  The PAAB concluded the property was not comparable.  Exhibit 105 was not in Scott County and therefore rejected as not being in the proper taxing district.  Exhibit 106 was classified as commercial property, and the PAAB found it was not comparable.  Exhibit 107 was currently classified as agricultural but was in the process of being developed into a residential subdivision with the expectation the property would then be classified as residential.  The PAAB found this property was not comparable to Miller's property.  Exhibit 108 was classified as residential, and the PAAB found this property was comparable to Miller's property.

The PAAB determined Miller had only one comparable property and "the plain language of Iowa Code section 441.37(1)(a)(1)(a) requires more than one

---

[1]  This provision has since been eliminated from section 441.37(1)(a)(1)(a).  *See* 2017 Iowa Acts ch. 151, § 12.

comparable to establish inequity." The PAAB concluded, "Miller has not shown his property is inequitably assessed."

The district court found:

> First, the Court notes that statute does not require any particular number of comparable properties to be listed. It merely requires a "representative number." Depending upon the size of the assessment district and the unique features of the property being protested, this could vary from one comparable to many. PAAB committed legal error in concluding that the *statute* required more than one.

The court concluded the PAAB did not engage in the comparison of properties required by section 441.37(1)(a)(1)(a). The court remanded the matter to the PAAB for a reconsideration of the properties submitted by Miller and a determination of whether the assessment of his property was inequitable. The PAAB cross-appealed, claiming the district court erred by finding section 441.37(1)(a)(1)(a) did not require more than one comparable property.

In discussing section 441.37(1)(a)(1)(a), the Iowa Supreme Court stated, "The statutory requirement is both a jurisdictional prerequisite and an evidentiary requirement for bringing a claim of inequitable or discriminatory assessment before the board." *Montgomery Ward Dev. Corp. v. Cedar Rapids Bd. of Review*, 488 N.W.2d 436, 441 (Iowa 1992), *overruled on other grounds by Transform, Ltd. v. Assessor of Polk Cty.*, 543 N.W.2d 614, 617 (Iowa 1996). The court stated, "The failure to list the required properties directly frustrates the sole function of the requirement, which is to enable the board to make a preliminary determination on the matter of equitability of assessment." *Id.*

"[M]ore than one comparable property is required." *Metro. Jacobson Dev. Venture v. Bd. of Review*, 476 N.W.2d 726, 730 n.1 (Iowa Ct. App. 1991). "[I]t is

well established that the showing of only one other comparable property in the area or district is not sufficient to afford relief, the rule being that an assessment is not discriminatory unless it stands out above the general level." *Maxwell v. Shivers*, 133 N.W.2d 709, 712 (Iowa 1965); *see also Daniels v. Bd. of Review*, 52 N.W.2d 1, 6 (Iowa 1952) (stating "comparison with but one other property was insufficient"); *Clark v. Lucas Cty. Bd. of Review*, 44 N.W.2d 748, 754 (Iowa 1950) (same). "Were the rule otherwise an isolated instance of underassessment might result in a general reduction for all similar properties." *Crary v. Bd. of Review*, 286 N.W. 428, 430 (Iowa 1939). A property owner must show "there are several other properties within the assessment district similar and comparable to the one at issue." *Riso v. Pottawattamie Bd. of Review*, 362 N.W.2d 513, 517 (Iowa 1985).

We conclude the district court erred in finding the PAAB could make a determination of whether the assessment of Miller's property was inequitable by looking at just one comparable property. Section 441.37(1)(a)(1)(a) does not require a precise number of comparable properties. *See Metro. Jacobson*, 476 N.W.2d at 730 (finding a property owner substantially complied with the statute by providing three comparable properties). However, the number of comparable properties must be more than one. *See Maxwell*, 133 N.W.2d at 712.

We affirm the district court and the PAAB on the issue of the classification of Miller's property as agricultural. We reverse the district court's decision on the issue of inequitable assessment. We remand for an order affirming the PAAB's decision on inequitable assessment.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**