Arlene HOENIG, Appellant,

v.

MASON & HANGER, INC., Employer, Employers Mutual of Wausau, Insurance Carrier, Appellees.

No. 52985.

Supreme Court of Iowa.

Oct. 15, 1968.

Joseph L. Phelan, Fort Madison, for appellant.

Richard R. Beckman, Burlington, for appellees.

RAWLINGS, Justice.

From district court's affirmance of order by industrial commissioner dismissing claimant's workmen's compensation arbitration petition, she appeals. We affirm.

December 7, 1966, claimant filed a petition for arbitration, first generally invoking chapter 86, Code of Iowa, 1962, followed by these allegations:

"1. That the MASON & HANGER COMPANY is a corporation operating under and by virtue of the laws of the State of Iowa and engaged in the business of manufacturing at Burlington, in Des Moines County, Iowa, and was operating under and within the Iowa Workmen's Compensation Laws.

"2. That on or about December 10, 1964, the claimant was in the employ of said company and had been for some time prior thereto.

"3. That on or about the same time and place the claimant sustained a personal injury to her back which arose out of and in the course of her employment which resulted in total permanent disability, or in any event permanent partial or total temporary disability.

"4. That the claimant and the defendant have failed to reach an agreement with respect to the compensation due this claimant under the Iowa Workmen's Compensation Law and the extent of disability of this claimant and she, therefore, asks that a hearing be held before the Iowa Industrial Commissioner as by the statutes in such cases made and provided."

December 19, 1966, the employer and its compensation carrier, hereafter sometimes referred to as defendants, moved for a more specific statement, asking that claimant be required to: (1) describe how the injury occurred; (2) state the nature of her injury; (3) state the length of time she was disabled from work; (4) state the nature and extent of her permanent disability, if any, and the nature and extent of her total temporary disability; (5) give the names and addresses of the doctors who treated her; (6) state if her employer authorized, or supplied the medical treatment; (7) give the amount of her doctor, hospital and medical expenses; and (8) state what is the dispute in this case.

January 10, 1967, the foregoing motion was sustained by the deputy commissioner, and claimant ordered to amend within seven days, but she failed to comply.

February 9, defendants moved for dismissal of claimant's petition.

February 13, both claimant and defendants were notified the motion to dismiss would be ruled upon March 6, and to submit supportive materials and arguments prior to that date.

March 9, the deputy commissioner ordered dismissal of claimant's application.

Thereupon claimant filed petition for review, but at time of hearing neither she nor her attorney appeared.

May 25, the industrial commissioner entered an order dismissing claimant's review petition.

Claimant then invoked appellate jurisdiction of the district court, but again neither she nor her attorney appeared at time fixed for hearing.

September 29, trial court affirmed the industrial commissioner's decision and dismissed claimant's appeal.

As best we can determine errors relied on for reversal are, trial court erred in:

1. Affirming commissioner's dismissal of claimant's arbitration petition for failure to amend as ordered.

2. Affirming commissioner's finding to effect claimant did not suffer a personal injury arising out of and in the course of her employment.

■ I. The first issue to be resolved is whether the industrial commissioner has authority to prescribe rules of procedure governing the form and content of petitions for arbitration. This is clearly a question of law. On that point we held in Barton v. Nevada Poultry Co., 253 Iowa 285, 288–289, 110 N.W.2d 660, the determination of questions of law by the commissioner, though entitled to careful consideration, is not conclusive, being subject to review on appeal. See Prokop v. Frank's Plastering Co., 257 Iowa 766, 769–770, 133 N.W.2d 878.

■ II. It is, of course, understood our compensation law is for the workingman's benefit and should be liberally construed to that end. Harrison v. Keller, 254 Iowa 267, 270, 117 N.W.2d 477, and Price v. Fred Carlson Co., 254 Iowa 296, 299, 117 N.W.2d 439.

■ And, as disclosed in Henderson v. Iles, 248 Iowa 847, 852, 82 N.W.2d 731, proceedings for arbitration should be simple and informal.

■ In the same vein a petition for arbitration may state the claim in general terms and technical or formal rules of procedure need not be observed. Code section 86.14;

Alm v. Morris Barick Cattle Co., 240 Iowa 1174, 1177, 38 N.W.2d 161; Ford v. Goode, 240 Iowa 1219, 1225, 38 N.W.2d 158; Cross v. Hermanson Bros., 235 Iowa 739, 742, 16 N.W.2d 616; 100 C.J.S. Workmen's Compensation § 488, page 428; and 58 Am. Jur., Workmen's Compensation, section 427, page 854.

III. However, the foregoing generalized principles neither reach nor resolve the specific question now before us.

To the extent here relevant Code section 86.8 provides:

"It shall be the duty of the commissioner:

"1. To establish and enforce all necessary rules and regulations not in conflict with the provisions of this chapter and chapters 85 and 87 for carrying out the purposes thereof.

"2. To prepare and distribute the necessary blanks relating to computation, adjustment, and settlement of compensation arising thereunder.

"  *      *      *      *      *      *

"5. In general to do all things not inconsistent with law in carrying out said provisions according to their true intent and purpose."

Pursuant to this statutory enactment the industrial commissioner adopted, and on November 8, 1963, caused to be filed, rule 1.6, which provides: "1.6 (86) *Forms in Disputed Cases.* Form No. 6, Application for Review-Reopening, and Form No. 8, Application for Arbitration, as published by the industrial commissioner, or a drafted equivalent thereof, shall be used in disputes arising under sections 86.14 and 86.34 of the Code.

"This rule is intended to implement section 86.8, subsection 2, sections 86.14, 86.34 and 86.35."

Because of its particular relevancy, Form No. 8, referred to in the quoted rule, is here reproduced.

Form No. 8-Iowa

**State of Iowa**

# Workmen's Compensation Service

| | |
|---|---|
| .......................................................... **Claimant** | |
| Address.................................................. | |
| v. | **APPLICATION** |
| .......................................................... | **for** |
| **Employer** | **ARBITRATION** |
| Address.................................................. | |
| .......................................................... | |
| **Insurance Carrier** | |

To the Industrial Commissioner:

This claimant respectfully states that_____

sustained a personal injury or occupational disease arising out of and in the course of the employment

at _____

on the _____ day of _____, 19 ___.  This claimant is the_____

_____(if dependent, state relationship).

1.  Check ( **✓** )    Married_____  Single_____    Male_____  Female_____ ;   Age_____

2.  Children under 16 or incapacitated regardless of age_____

3.  Job classification_____ Length of time employed before injury_____

4.  Employee was earning when injured  $ _____ per hour;    $_____ per day;   $_____per week.

5.  Describe how injury occurred._____
    _____
    _____
    _____

6.  Nature of injury _____
    _____

7.  Length of time disabled from working (give dates)_____

8.  Nature and extent of permanent disability, if any_____
    _____

9.  Names and addresses of doctors who treated employee _____
    _____

10. Was treatment authorized or supplied by employer?_____

11. If not, what are your expenses for doctors?  $ _____

    Hospitals and medicine $_____

12. What is the dispute in this case?_____
    _____

13. In what counties or towns do you agree that hearing be held?_____

14. The claimant will be ready for hearing after_____ (date)

Having to failed to reach an agreement as provided by Sec. 86.14, Code of Iowa,  your claimant prays that
the above named defendants be required to answer this application for arbitration, that a time and place be
fixed for hearing hereof and due notice thereof given, and that upon such hearing, an order or award be made
granting such relief as the said claimant may be entitled to in the premises.

Dated_____  Signed_____

NAME AND ADDRESS OF ATTORNEY

*File original and two copies with:* INDUSTRIAL COMMISSIONER,
STATE OFFICE BUILDING,  DES MOINES, IOWA

CP.33731

As to authority on the part of the commissioner to formulate the foregoing rule and attendant form, this court said in Travelers Ins. Co. v. Sneddon, 249 Iowa 393, 395, 86 N.W.2d 870, 872: "The Industrial Commissioner possesses such powers as are expressly granted, together with those arising from implications because necessary to the full exercise of the granted powers." In this regard see also Bair v. Blue Ribbon, Inc., 256 Iowa 660, 663, 129 N.W.2d 85, and Tebbs v. Denmark Light & Telephone Corp., 230 Iowa 1173, 1178–1179, 300 N.W. 328.

■ We are satisfied Code section 86.8, supra, served to vest in the commissioner lawful authority to draft and publish the subject rule and prescribed application form, and that the beneficent policy of our workmen's compensation act was not thereby violated.

IV. But the foregoing alone is not here determinative.

■ Clearly claimant's application did not, even in general terms, supply that information prescribed by Form No. 8, supra. However, this in itself was not fatal to her cause. Had defendants elected to proceed with the arbitration hearing without in any manner controverting claimant's application, they could not ordinarily be later heard to effectively complain. See Cross v. Hermanson Bros., 235 Iowa 739, 744, 16 N.W.2d 616; Kuhn v. Civil Aeronautics Board, 87 U.S.App.D.C. 130, 183 F.2d 839, 841–842; D'Agostino v. Reliance Picture Frame Co., 15 N.J. 537, 105 A.2d 537, 539–540; and Davis, Administrative Law Treatise, section 8.04, pages 523, 525–526.

■ V. The key to pleading in an administrative process is nothing more nor less than opportunity to prepare and defend. And deficiencies in any pleading in that field may be cured by a motion for more specific statement. See McLin v. Department of Highways of State, La. App., 68 So.2d 136; 100 C.J.S. Workmen's Compensation § 489, pages 430, 433; 58 Am.

Jur., Workmen's Compensation, section 430, page 855; and Davis, Administrative Law Treatise, section 8.04, page 523. See also Bame v. Lipsett, Incorporated, 172 Neb. 623, 111 N.W.2d 380, 384.

In the case at bar the defendants sought, by appropriate procedure, to elicit information deemed essential to their defense, not contained in claimant's application. The commissioner thereupon ordered claimant to comply with defendants' motion within seven days. This she failed and neglected to do, apparently electing to stand on her claim as made.

Subsequently, and after expiration of the aforesaid seven day period, defendants moved for dismissal of the application. Time was then fixed for ruling on this motion, and notice given all parties concerned to submit briefs. Claimant failed to respond. There followed the challenged dismissal order.

■ VI. It is at this point evident we are here as much concerned with basic rights as with the matter of procedure. That is well demonstrated by this apt statement in National Labor Relations Bd. v. Mackay R. & Tel. Co., 304 U.S. 333, 351, 58 S.Ct. 904, 913, 82 L.Ed. 1381: "The Fifth Amendment guarantees no particular form of procedure; it protects substantial rights." See also 100 C.J.S. Workmen's Compensation § 489, page 430.

■ As previously disclosed it is the policy of our compensation law to eliminate, so far as is reasonably possible and proper, those technicalities which often beset the presentation and trial of ordinary civil actions. But as heretofore revealed there is a counterbalancing factor which cannot be ignored. When an employer is confronted with a petition for arbitration it has a substantive right to be at least generally informed as to the basic material facts upon which the employee relies as a basis for compensation in order to prepare and defend. To the same effect is this statement in Larson, The Law of Work-

men's Compensation, Vol. 2, section 78.10: "The adjective law of workmen's compensation, like the substantive, takes its tone from the beneficent and remedial character of the legislation. Procedure is generally summary and informal. The initial handling of claims, and perhaps the first review, are administrative in all but a few states. The whole idea is to get away from cumbersome procedures and technicalities of pleading, and to reach a right decision by the shortest and quickest possible route. On the other hand, as every lawyer knows, there is a point beyond which the sweeping-aside of 'technicalities' cannot go, since evidentiary and procedural rules usually have an irreducible hard core of necessary function which cannot be dispensed with in any orderly investigation of the merits of a case."

VII. The question now posed is whether the commissioner had authority to dismiss claimant's application for failure to amend as directed.

Briefly stated defendants requested claimant state, by way of amendment, no more than is specified in Form No. 8, supra. This was neither unreasonable nor did it serve to violate claimant's right to assert her cause in general terms.

Furthermore the commissioner's order to amend was not self-executing. Scheffers v. Scheffers, 241 Iowa 1217, 1221–1222, 44 N.W.2d 676. And although it was mandatory in nature, no affirmative act by the commissioner could compel compliance. However, authority to order amendment ordinarily implies an equal right to enforce or make effective that which is lawfully ordered, including the power to strike the application or dismiss for failure to comply. 60 C.J.S. Motions and Orders § 67, page 85, and Annos. 4 A.L.R.2d 348, 350–364.

Here every possible opportunity was afforded claimant to act in the protection of her interests but she failed and refused to respond.

This failure to exercise the granted right to amend provided reasonably sufficient cause for imposition of some effective administrative sanction. Any other conclusion would serve to render ineffective those administrative powers of the commissioner essential to the orderly exercise of the duties imposed upon him by law, and by the same token deprive an employer of that substantive right to know, at least generally, the material facts upon which a claimant relies for recovery.

Under existing circumstances we conclude the commissioner had requisite authority to dismiss claimant's application for failure to amend as ordered.

VIII. It is also contended the commissioner, on review, erred in holding claimant did not suffer a personal injury arising out of and in the course of employment as alleged. This contention, even if true, is of no consequence.

The deputy commissioner dismissed claimant's application for failure to comply with Code section 86.14, and rule 1.6 quoted supra. On review the commissioner affirmed the foregoing dismissal order, then made the finding to which claimant objects.

Be that as it may we said in Yeager v. Firestone Tire & Rubber Co., 253 Iowa 369, 377–378, 112 N.W.2d 299, 304: "Even a court decision which is proper on any ground shown by the record will not be disturbed on appeal merely because the decision is based on an unsound or erroneous reason. As frequently said, many a learned court is occasionally right for a wrong reason. The commissioner's decision should not be subjected to a more severe test than is a court decision."

We deem this alone to be dispositive of claimant's second assigned error.

Affirmed.

All Justices concur.