**WATERLOO CIVIC CENTER HOTEL COMPANY, Appellant,**

v.

**BOARD OF REVIEW, City of Waterloo, and Black Hawk County, Iowa, Appellees.**

No. 89–250.

Supreme Court of Iowa.

Feb. 21, 1990.

William S. Smith, Waterloo, for appellant.

Bruce B. Zager, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Plaintiff, owner of a Holiday Inn hotel complex in Waterloo, appeals the district court's order dismissing its attempted appeal of a property tax assessment pursuant to Iowa Code section 441.38 (1987). The basis for the district court's order was a finding that plaintiff had not given written notice to the chairperson or presiding officer of the board of review within twenty days after adjournment of the board.[1]

---

1. The statute under which plaintiff's appeal of the action of the board of review was taken provides:

Appeals may be taken from the action of the board of review ... within twenty days after its adjournment or May 31, whichever date is later.... Appeals shall be taken by a

Upon our consideration of the record, we reluctantly affirm the district court.

At the beginning of 1988, plaintiff's hotel complex had an assessed value of $2,780,-000. During a preliminary session of the board of review, the board, on or about May 19, 1988, increased the assessed value of this property to $5,821,350. Plaintiff was notified of the increased assessment and advised that it could appear before the board on June 13, 1988, and protest this increase. if it desired to do so. The plaintiff, acting through its officers and salaried employees, appeared before the board at that time and protested the increased assessment. This protest was denied by the board of review. Notice of the denial was mailed to plaintiff at its principal office in Peoria, Illinois, on or about June 15, 1988, the date of the board's adjournment.

On June 28, 1988, plaintiff telephoned a Waterloo attorney and asked him to represent it in its appeal to the district court of the board of review's action. Plaintiff later mailed a file on the assessment matter to that attorney, who received it on June 30, 1988. Plaintiff's attorney promptly prepared a written appeal of the board of review's action and filed it with the clerk of the Iowa District Court on July 1, 1988. At the same time, plaintiff's attorney delivered to the clerk a written notice of appeal to be served by the sheriff of Black Hawk County. This was accompanied by directions to the sheriff to serve the notice on Frank Christie, chairman of the board of review, at his residence in Cedar Falls. That residence address was provided in the written directions to the sheriff. The record reflects that plaintiff's attorney had been able to obtain service on Mr. Christie at that address just two days earlier in initiating an assessment appeal for another client.

The assessment appeal, notice of appeal, and directions to the sheriff were all delivered to the clerk of the Iowa District Court on the late afternoon of July 1, which was a Friday. This also was the beginning of

written notice to that effect to the chairperson or presiding officer of the board of review and served as an original notice.

the fourth of July weekend. The clerk did not deliver these papers to the sheriff until the following Tuesday, July 5, which was the twentieth day following adjournment of the board of review. The sheriff attempted to serve Mr. Christie on that date and found no one present at his residence. The record shows that Christie was out of the state on this date. As a result, service of the notice of appeal was not completed within twenty days following the board's adjournment. Plaintiff's attorney did not learn of this fact until after the time had expired.

In seeking to overturn the district court's order, plaintiff suggests two bases for upholding the jurisdiction of that court to hear the assessment appeal. First, it asks us to hold that Iowa Rule of Civil Procedure 55 may be utilized in determining the timeliness of initiating a statutory appeal of this type. If this were permitted, plaintiff urges, the appeal would be considered to be perfected at the time the necessary papers were filed with the clerk of the district court. As an alternative to the argument based on rule 55, plaintiff asks us to hold that the jurisdiction of the district court was properly invoked because its actions substantially complied with section 441.38. Although we are extremely sympathetic to plaintiff's plight, we are unable to accept either of these contentions.

■ The inapplicability of rule 55 for purposes of determining whether an appeal under section 441.38 has been initiated within the statutory time limit has been clearly established by our holding in *BHC Co. v. Board of Review*, 351 N.W.2d 523, 524–25 (Iowa 1984). A more recent determination of the inapplicability of rule 55 to statutory appeals is found in *Wade Farms, Inc. v. City of Weldon*, 419 N.W.2d 718, 721–23 (Iowa 1988).

In the *Wade Farms* case, we rejected a contention that rule 55 applied for purposes of determining the timeliness of condemnation appeals under Iowa Code section 472.-

Iowa Code § 441.38 (Supp.1987).

19(2) (1987) which, like section 441.38, provides that an appeal is taken by service of a notice on designated persons. The opinion in *Wade Farms* notes that Iowa Rule of Civil Procedure 1 recognizes that the rules of civil procedure do not apply if a statute provides a different procedure in particular types of cases. *Id.* at 723. We would be required to overrule both the *BHC Co.* and *Wade Farms* cases in order to arrive at the result which plaintiff proposes. This we are unwilling to do.[2]

■ We also reject plaintiff's contention that it has shown substantial compliance with section 441.38 sufficient to invoke the jurisdiction of the district court. Although some latitude exists for upholding jurisdiction in this type of proceeding if substantial compliance with the statutory procedures is shown, we have recognized that this principle does not permit a court to extend the time within which an appeal may be taken. *BHC Co.*, 351 N.W.2d at 526. This limitation distinguishes this case from *Superior/Ideal, Inc. v. Board of Review*, 419 N.W.2d 405 (Iowa 1988), where the issue was whether the proper person had been served with an otherwise timely notice of appeal. In the present case, there was no service on any person within the statutory time limit.

Our consistent and recent interpretation of the controlling statute requires us to affirm the district court's judgment in the present case. In so doing, however, we feel compelled to express our view that the existing statutory procedure is flawed. Property owners who desire to invoke the right to a judicial review of their tax assessments should be able to go to a public office with regularly established hours for purposes of filing the papers required to perfect the appeal. The appealing party should not have to rely on the ability of a process server to search out the whereabouts of the presiding officer of the board of review, who will often be inaccessible. We hope that the legislature will see fit to correct this deficiency in the statute governing property tax appeals in much the same manner as was done in the 1973 amendment to the statute governing appeals from condemnation proceedings. That amendment to Iowa Code section 472.-19 provided that condemnation appeals are now deemed to be commenced by delivery of the notice of appeal to the sheriff.[3]

■ As long as the present statute continues to be controlling, the judges of the district court should freely grant orders for alternative service of the notice of appeal in proceedings of this type as permitted by Iowa Rule of Civil Procedure 56.1(n) and our decision in *Cowles Communications, Inc. v. Board of Review*, 266 N.W.2d 626, 632 (Iowa 1978). We do not believe that it should be necessary in order to obtain such an order that the unavailability of the presiding officer of the board of review be demonstrated with certainty. A taxpayer desiring to appeal should only be required to show some likelihood that service on the presiding officer will be difficult in order to obtain court approval for an alternative method of service. The alternative service which may be prescribed by the district court in these cases under rule 56.1(n) includes service by ordinary mail on the chairman of the board of review at that party's last known address.

We have considered all arguments presented and conclude that the judgment of the district court should be affirmed.

AFFIRMED.

2. In *Wade Farms*, it was recognized that the inapplicability of the Iowa Rules of Civil Procedure for purposes of determining the time in which a special statutory appeal has been perfected had been established 30 years earlier in *Mazzoli v. City of Des Moines*, 245 Iowa 571, 574, 63 N.W.2d 218, 219–20 (1954). Although asked to overrule *Mazzoli* in the *Wade Farms* case, we refused to do so. The present case provides us with no additional incentives for overruling long-established precedent than did the *Wade Farms* case.

3. 1973 Iowa Acts ch. 264, § 1. The amendment to the procedure for initiating condemnation appeals also provided for retroactive reinstatement of previously dismissed appeals which met designated criteria. *Id.* § 2.