# IN THE SUPREME COURT OF IOWA

No. 11–1501

Filed May 3, 2013

**MC HOLDINGS, L.L.C.,**

    Appellee,

vs.

**DAVIS COUNTY BOARD OF REVIEW,**

    Appellant.

On review from the Iowa Court of Appeals.

Interlocutory review from the Iowa District Court for Davis County, Joel Yates, Judge.

Property owner seeks further review from court of appeals decision reversing the district court's ruling that it had substantially complied with the statutory requirements for a property-assessment protest. **COURT OF APPEALS DECISION VACATED; DISTRICT COURT JUDGMENT AFFIRMED; AND CASE REMANDED.**

Jamie L. Cox and Frank W. Pechacek, Jr. of Willson & Pechacek, P.L.C., Council Bluffs, for appellant.

Steven Gardner of Denefe, Gardner & Zingg, P.C., Ottumwa, for appellee.

**CADY, Chief Justice.**

In this interlocutory review, we ultimately must decide whether a county board of review had authority to consider a taxpayer protest that failed to specify a ground for the protest due to an inadvertent clerical error. The Davis County Board of Review (Board) determined it had no jurisdiction to consider the protest or to consider a request to amend the protest to articulate the ground. The district court reversed the decision, and the Board appealed. We transferred the case to the court of appeals, which reversed the decision of the district court. On further review, we reverse the decision of the court of appeals, affirm the decision of the district court, and remand the case to the district court for further proceedings.

## I. Background Facts and Proceedings.

Attorney Steven Gardner represented MC Holdings, L.L.C., which owned real estate in Davis County. Gardner also represented Keo Rental, L.L.C., which owned real estate in Van Buren County. Both clients desired to protest the property-tax assessment made by the county assessor.

Gardner prepared a written and signed petition of protest for MC Holdings. He described the Davis County property and stated the grounds for the protest. He also prepared a brief, separate cover letter, which identified MC Holdings as the protester and identified the Davis County property by parcel number. The cover letter otherwise only referred to the enclosed written petition.

Gardner also prepared a written and signed petition of protest for Keo Rental. He described the Van Buren County property and stated the grounds for the protest. He also prepared a brief, separate cover letter, which identified Keo Rental as the protester and identified the Van Buren

County property by parcel number. The letter otherwise only referred to the enclosed written petition.

Gardner sent the protests to the respective county boards of review by mail on May 5, 2009. This date was the deadline for taxpayers to file tax protests in Iowa for 2009. However, he inadvertently switched the two petitions and included the Van Buren County petition with the Davis County cover letter. Likewise, he included the Davis County petition with the Van Buren County cover letter. Consequently, the Davis County Board of Review received a cover letter for the Davis County property, along with the written Van Buren County petition. Likewise, the Van Buren County Board of Review received the cover letter for the Van Buren County property, along with the written Davis County petition.

The Davis County Board of Review denied the protest as "improperly filed." It determined it was without jurisdiction to act on the request. It found MC Holdings did not file a timely protest because the documents it received failed to identify a ground for protesting the assessment of the property. Similarly, the Van Buren County Board of Review denied the protest for the same reason. The essence of both decisions by the boards was that no ground for protest was identified for property located in their county.

On May 22, 2009, Gardner filed a written application to the respective boards of review for reconsideration. He explained and corrected the inadvertent mistake. He also asked the boards to consider the protests to be timely filed and to act on the corrected petitions. Both boards of review denied the applications.

MC Holdings and Keo Rental filed appeals to the district court, and the two cases were consolidated for purposes of the hearings. The

district court denied summary judgment requested by the boards. It found the cover letters constituted substantial compliance with the statutory requirements for a protest, and the boards had jurisdiction to act on the protests.

The boards of review appealed.[1] They claimed they were without jurisdiction to act on the protests. The protesters, however, claimed they substantially complied with the statutory requirements, and the boards had jurisdiction to act on the protests. They also claimed the boards abused their discretion to allow the clerical error to be corrected so that the appeals could go forward.

The court of appeals reversed the decision of the district court in separate opinions. It found the cover letters did not constitute substantial compliance with the statutory requirements for a taxpayer protest and that the boards were without jurisdiction to act on the protest. It also found the law provided no avenue for the boards to overlook the defective protests. We granted the separate applications for further review by MC Holdings and Keo Rental.

## II.  Standard of Review.

We review property-tax assessments de novo. *Krupp Place 1 Co-op, Inc. v. Bd. of Review*, 801 N.W.2d 9, 13 (Iowa 2011). However, the Board in this case decided it had no jurisdiction to act on the protest. It did not

---

[1]We recognize the denial of a motion for summary judgment is not an appealable final judgment. *See River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477 (Iowa 1984); *see also* Iowa R. App. P. 6.103. However, no party raised the issue on appeal. Nevertheless, we treat the appeal as an interlocutory review. *In re Marriage of Denly*, 590 N.W.2d 48, 52 (Iowa 1999) (treating appeal from temporary order as application for interlocutory appeal); *see also* Iowa R. App. P. 6.108 (indicating the court may treat appeal as interlocutory appeal). This is not done as a matter of course, but only under the unique circumstances of this case and the need to decide an important issue facing boards of review.

decide the merits of the protest. Thus, our review is for errors at law. *See* Iowa R. App. P. 6.907. We must decide if the Board properly determined it had no jurisdiction to act in the case.

## III. Analysis.

Our legal processes normally strive to resolve disputes on their merits. *Cf. Krueger v. Lynch*, 242 Iowa 772, 779, 48 N.W.2d 266, 270 (1951) ("The Rules are to be liberally construed for the purpose of promoting the speedy determination of litigation upon its merits . . . ."). Simply put, it is our preferred way. As a result, mistakes and inadvertence ordinarily do not become roadblocks to this goal. A party is usually permitted to correct mistakes when prejudice does not result. *Cf. Patten v. City of Waterloo*, 260 N.W.2d 840, 841 (Iowa 1977) ("[T]echnical mistakes will not preclude an injured plaintiff from recovery, except where the correction of such mistakes would materially prejudice the rights of a defendant."). For example, our rules of civil procedure permit default judgments to be set aside for mistakes and inadvertence. Iowa R. Civ. P. 1.977. Our law even prevents the statute of limitations from barring a hearing on the merits following certain dismissals based on technical, procedural, or jurisdictional defects. *See Furnald v. Hughes*, 804 N.W.2d 273, 276 (Iowa 2011) (stating the purpose of a savings clause "is to prevent minor or technical mistakes from precluding a plaintiff from obtaining his day in court"). Moreover, amendments to pleadings are freely permitted when prejudice does not result. *See* Iowa R. Civ. P. 1.402; *M-Z Enters., Inc. v. Hawkeye-Sec. Ins. Co.*, 318 N.W.2d 408, 411 (Iowa 1982) (discussing the policy of the relation-back doctrine of permitting even substantial amendments when the new claim arose from the same conduct as the original claim, the defendant had notice of

the claim within the limitations period, and the defendant will not be prejudiced).

In this case, the Board determined it had no jurisdiction to act on the protest to allow the mistake to be corrected so the protest could be decided on its merits. It is axiomatic that no court or administrative agency can take action without jurisdiction. *See In re Melodie L.*, 591 N.W.2d 4, 7 (Iowa 1999). Yet, we recognize a distinction between subject matter jurisdiction and authority to act. *See Anderson v. W. Hodgeman & Sons, Inc.*, 524 N.W.2d 418, 421 n.2 (Iowa 1994). Subject matter jurisdiction refers to the "power to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the attention of the court." *Wederath v. Brant*, 287 N.W.2d 591, 594 (Iowa 1980). Thus, the subject matter jurisdiction of an administrative agency is authority conferred by statute. *See Zomer v. W. River Farms, Inc.*, 666 N.W.2d 130, 132–33 (Iowa 2003). By contrast, jurisdiction of a particular case refers to the authority to hear that particular case. *Alliant Energy-Interstate Power & Light Co. v. Duckett*, 732 N.W.2d 869, 874 (Iowa 2007) (indicating a court may lack authority to hear a case when a party fails to follow the statutory procedure for invoking its authority).

Our legislature has given a county board of review jurisdiction to consider and decide tax protests. *See* Iowa Code § 441.37 (2009) (authorizing the board of review to consider any protest and make a final disposition of the protest); *see also id.* § 441.33 (authorizing the board to "hold as many meetings as are necessary to discharge its duties"). Nevertheless, a board may lack authority to hear a particular case when a protester fails to comply with the statutory requirements. *See Duckett*, 732 N.W.2d at 875–76. A protest must substantially comply with

statutory requirements to authorize the board to grant relief. *See Strickland v. Iowa Bd. of Med.*, 764 N.W.2d 559, 562–63 (Iowa Ct. App. 2009) (indicating jurisdiction over a case is not acquired when a petition for judicial review is untimely); *Metro. Jacobson Dev. Venture v. Bd. of Review*, 476 N.W.2d 726, 729–30 (Iowa Ct. App. 1991). Three statutory requirements are identified for a protest. Iowa Code § 441.37(1). Protests must be written, signed by the protester or protester's agent, and confined to one or more of five specified grounds to protest an assessment. *Id.*

In this case, MC Holdings did timely file a letter with the Board. This letter constituted a protest, albeit one that failed to substantially comply with the third requirement of a protest due to an inadvertent clerical error. The cover letter identified the parcel number of the property located in the county, indicated the purpose of the letter was to proceed with a protest, and was signed. Thus, this case is not one in which a protester missed a filing deadline, ignored the filing deadline, or filed a late protest. This case is also not one about excusing taxpayers from the requirement to timely file protests. Instead, it is a case about the jurisdiction and authority of a board of review to exercise discretion to carry out justice by allowing a taxpayer to amend a timely filed protest to correct an inadvertent error in communicating the specific grounds for the protest. The Board believed it had no jurisdiction to allow MC Holdings to correct its inadvertent error and denied any relief. This conclusion was incorrect.

Taxpayer protests are within the class of cases a board of review is authorized to adjudicate under section 441.37. A board is authorized to act on these protests between May 1 and May 31 of each year, unless extended by section 441.37. *Id.* § 441.33. It is required to meet during

this period of time as much as needed to discharge its duties. *Id.* Thus, the Board had jurisdiction over the timely filed protest by MC Holdings. However, a board would have no authority to act on the protest by granting relief when the protester failed to identify a ground for relief required by section 441.37. The reason a board has no such authority under this circumstance is that there is nothing for the board to act upon without knowledge of the grounds for the protest. Yet, this limitation on the authority to grant relief must not be confused with authority to address procedural matters that accompany the process. An administrative agency not only has the authority over cases conferred by statute, it has authority necessarily inferred from the power conferred by the statute. *Zomer*, 666 N.W.2d at 132. Normally, power granted by an administrative agency to decide claims includes authority to permit deficiencies in the pleadings pertaining to the claims to be cured. *See Hoenig v. Mason & Hanger, Inc.*, 162 N.W.2d 188, 192 (Iowa 1968); *cf. State v. Mandicino*, 509 N.W.2d 481, 483 (Iowa 1993) ("[W]here subject matter jurisdiction exists, an impediment to a court's *authority* can be obviated by consent, waiver or estoppel.").

In this case, the protester filed a request to correct its petition with the Board within the period of time it was authorized to be in session to discharge its duties. Just as with the protest itself, this request to amend was timely. It was properly before the Board for its consideration.[2]

---

[2]An amendment to a protest would not conflict with the relation-back doctrine. Consistent with our strong policy of deciding cases on the merits instead of on procedural errors, amendments to pleadings normally relate back to the date the pleading was filed as long as the original pleading provided adequate notice of the claim so as to satisfy the countervailing objective to protect persons from having to defend stale claims. *See M-Z Enters., Inc.*, 318 N.W.2d at 411. Here, the Board was given timely notice of a protest, and the amendment to clarify the grounds for the protest was

Accordingly, while the Board in this case was not authorized to affirmatively act on the delinquent protest, it was authorized to consider the application filed by the protester to amend the protest due to the inadvertent mistake in switching the protests. The Board erred in finding it had no jurisdiction to act to allow the protester to cure the deficiency. Consequently, the Board had discretion to consider the application for reconsideration and abused its discretion by failing to exercise it. *See Lawson v. Kurtzhals*, 792 N.W.2d 251, 257 (Iowa 2010) (" 'A court abuses its discretion when it fails to exercise any discretion.' " (quoting *State v. Hager*, 630 N.W.2d 828, 836 (Iowa 2001))).

We vacate the decision of the court of appeals. The Board was not entitled to summary judgment because it had jurisdiction to consider the motion for reconsideration filed by MC Holdings. The only motion before the district court was the Board's motion for summary adjudication. The district court correctly denied summary judgment, and no further relief was requested or granted. Therefore, we remand the case to the district court for further proceedings.

**IV. Conclusion.**

We vacate the decision of the court of appeals and affirm the decision of the district court. We remand the case to the district court for further proceedings.

**COURT OF APPEALS DECISION VACATED; DISTRICT COURT JUDGMENT AFFIRMED; AND CASE REMANDED.**

All justices concur except Waterman, Mansfield, and Zager, JJ., who dissent.

---

sought during a time period that would have enabled the Board to act. This situation does not implicate the difficulty of defending stale claims or any other concern addressed in the doctrine.

#11–1501, *MC Holdings, L.L.C. v. Davis Cnty. Bd. of Review*

**WATERMAN, Justice (dissenting).**

I respectfully dissent. I believe the majority errs by second-guessing the decision of the Davis County Board of Review (Board) to deny the untimely property-assessment protest of a taxpayer who missed the statutory deadline to file a petition stating a ground for relief. The Board correctly rejected MC Holdings' request to cure its deficient filing, stating:

> This correspondence is to notify you of Davis County Board of Review's decision to not act upon your "Application For Reconsideration" due to untimely filing. To accept this application would result in inequity to other property owners that have other hardships/excuses which resulted in untimely filings.

I agree with the court of appeals decision upholding the Board's decision and reversing the district court's ruling reinstating this protest.

The same deadline applies to all taxpayers protesting assessments. It makes sense that the Board would deny relief when the deadline is missed. The deadline is not a real deadline if late filings are excused. The majority acknowledges "the board would have no authority to act on the protest by granting relief when the protester failed to identify a ground for relief required by [Iowa Code] section 441.37." Yet the majority, relying on inapposite cases, also concludes the Board has the authority to allow the protester to belatedly cure the delinquent filing by amendment. I disagree. Nothing in the governing statute, Iowa Code chapter 441, authorizes the Board to extend the May 5 deadline to file a protest in the proper county stating a ground for relief.

Today's decision replaces a clear deadline with confusion and uncertainty and raises more questions than it answers. Can the Board enforce the deadline in future cases? If, according to the majority, the

Board has the authority to permit a taxpayer to first identify the ground for the protest *after* the deadline, is the Board now *required* to allow the late amendment? Can it pick and choose which untimely petitions warrant relief, and if so, on what grounds? Will results vary from county to county? Can an unprepared lawyer simply file a letter on May 5 identifying the property and taxpayer and supply the ground for the protest weeks later? Or can this case be limited to its unique facts? On remand, can this Board exercise its discretion and again deny MC Holdings' protest as untimely?

Extending the May 5 deadline is unfair to the opposing parties, to the boards administering such claims on tight schedules, and to the ninety-nine percent of Iowa lawyers who comply with deadlines and pleading requirements. The majority relies in part on Iowa Rule of Civil Procedure 1.977, which "permit[s] default judgments to be set aside for mistakes and inadvertence." But, the lawyer's mistake in this case—mailing the protest petition to the wrong county on the day of the deadline—would not constitute good cause to set aside a default judgment under that rule. *See Madsen v. Litton Indus., Inc.*, 498 N.W.2d 715, 718 (Iowa 1993) (affirming default judgment resulting from mislabeled file in defense attorney's office); *Purethane, Inc. v. Iowa State Bd. of Tax Review*, 498 N.W.2d 706, 711 (Iowa 1993) ("Defaults which result from the negligence or carelessness of defendant or defendant's attorney will not be set aside, for the law rewards the diligent and not the careless.").

The May 5 protest deadline is jurisdictional and functions like a statute of limitation. The majority effectively holds a cover letter merely identifying the taxpayer and property stops the clock when supplemented with the correct petition seventeen days later. What if a lawyer

inadvertently swapped petitions filed by mail in a pair of civil actions to quiet title to property located in different counties?  If the cover letter received and filed on the last day of the statute of limitations identified the parties and property, but stated no ground for relief and enclosed the wrong petition, wouldn't we hold the action is time-barred even if the correct petition is filed a day later?

Section 441.37(1) requires the taxpayer to confine its protest to the grounds enumerated therein.  *See* Iowa Code § 441.37(1)(*a*)–(*e*) (2009).  The court of appeals correctly held that MC Holdings' protest was fatally deficient without a timely filed petition stating a ground for relief.  The court of appeals aptly observed that although "the swapped petitions are an unfortunate bar to the taxpayers' protests, our legislation and caselaw provide no avenue to forgive such a defect in filing."

> "It is not for us to regret that we have been compelled to follow a strict and technical line in our decision set out above.  The so-called technicalities of the law are not always what they seem.  When they establish an orderly process of procedure, they serve a definite purpose and are more than technical; they have substance, in that they lay down definite rules which are essential in court proceedings so that those involved may know what may and may not be done and confusion, even chaos, may be avoided.  They are necessary; without them litigants would be adrift without rudder or compass.  We have, and should have, no compunction in following them when they are clear and definite."

*BHC Co. v. Bd. of Review*, 351 N.W.2d 523, 526 (Iowa 1984) (quoting *Esterdahl v. Wilson*, 252 Iowa 1199, 1208, 110 N.W.2d 241, 246 (1961)).

The majority opinion is at odds with the statutory requirements for protesting property-tax assessments.  A taxpayer who fails " 'to make a timely protest or to take a timely appeal to court deprives the taxpayer of [the] protest or appeal and renders the assessment a finality for that year.' " *Vogt v. Bd. of Review*, 519 N.W.2d 395, 396 (Iowa 1994) (quoting

*Farmers Grain Dealers Ass'n v. Woodward*, 334 N.W.2d 295, 298 (Iowa 1983), *overruled on other grounds by Transform, Ltd. v. Assessor of Polk Cnty.*, 543 N.W.2d 614, 617 (Iowa 1996)). This is because the board of review is without authority to consider untimely protests, unless based on the *assessor's* clerical or mathematical error as provided in section 441.37(2). *See* Iowa Admin. Code r. 701—71.20(4)(*a*) (2009) ("A board of review may only act upon written protests which have been filed with the board of review between April 16 and May 5, inclusive."). Accordingly, the Board reached the correct result by rejecting MC Holdings' protest. By forcing the Board to consider a petition filed May 22, the majority today effectively invalidates the administrative rule.

The majority does not find MC Holdings "substantially complied" with the requirements of section 441.37, but affirms the district court ruling that found substantial compliance. The district court erred. *Cf. Waterloo Civic Ctr. Hotel Co. v. Bd. of Review*, 451 N.W.2d 489, 491 (Iowa 1990) (noting substantial compliance with statutory procedures "does not permit a court to extend the time within which an appeal may be taken"). Obviously, a protest that omits stating *any* ground for relief by the May 5 deadline fails to comply or substantially comply with the obligation to timely identify at least one of the grounds enumerated in section 441.37(1)(*a*)–(*e*). A finding of substantial compliance may be appropriate when the protest identifies a specific ground but fails to fully set forth supporting information. *See Metro. Jacobson Dev. Venture v. Bd. of Review*, 476 N.W.2d 726, 729–30 (Iowa Ct. App. 1991) (holding taxpayer substantially complied with requirement to provide "the legal description and assessments of a representative number of comparable properties"). MC Holdings' failure to identify any ground for its Davis County protest by May 5 was fatal to its appeal.

"The obvious purpose of [section 441.37(1)] is to provide the assessor's office with reasonable notice of the *basis* of the taxpayer's protest . . . ." *Id.* at 730 (emphasis added). Under this standard, taxpayers must do more than merely give the board of review notice that they are protesting the assessment, they must also provide the board of review with the grounds for their protest. Without this information, the board of review cannot properly consider the taxpayer's protest and "ma[ke a] final disposition of the protest," as is required under section 441.37(3). A cover letter that merely identifies the taxpayer and property, without stating any ground for the protest, is insufficient. And, unlike in *Metropolitan Jacobson*, there is no indication that the board of review could otherwise discern MC Holdings' grounds for its protest from its May 5 cover letter. *See Metro. Jacobson*, 476 N.W.2d at 730 ("[N]o one claims that he or she was unable to discern which [comparable] properties were at issue."). The statute "does not require that the board be clairvoyant." *Montgomery Ward Dev. Corp. v. Cedar Rapids Bd. of Review*, 488 N.W.2d 436, 442 (Iowa 1992), *overruled on other grounds by Transform*, 543 N.W.2d at 617.

Although the majority concedes MC Holdings missed the May 5 deadline to file a protest identifying a ground for relief, it faults the Board for not allowing the untimely application for reconsideration that belatedly provided a petition with the grounds identified. The majority is unable to cite any authority applying chapter 441 that authorizes the Board to allow the taxpayer to cure a fatal deficiency in its protest after the statutory deadline. The majority cites *Hoenig v. Mason & Hanger, Inc.*, 162 N.W.2d 188, 192 (Iowa 1968), for the proposition that "[n]ormally, [the] power granted [to] an administrative agency to decide claims includes authority to permit deficiencies in the pleadings

pertaining to the claims to be cured." *See id.* *Hoenig*'s general proposition does not support the leap made by the majority to hold that the Board was authorized to allow MC Holdings on May 22 to cure a fatal omission in its May 5 filing. The *Hoenig* court affirmed the commissioner's dismissal of a workers' compensation claim on defendant's motion after the claimant failed to respond to an order for a more specific statement. *Id.* at 193. Our court upheld the agency's dismissal, recognizing to hold otherwise "would serve to render ineffective those administrative powers of the commissioner essential to the orderly exercise of the duties imposed upon him by law." *Id.* The same is true here. *Hoenig* thereby supports the Board's dismissal.

The majority cites no authority for applying the relation-back rule to a property-assessment appeal pending before the board of review. *See* Iowa R. Civ. P. 1.402(5) ("Wherever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."). The rules of civil procedure govern court proceedings and do not trump statutory deadlines for administrative appeals. *See* Iowa R. Civ. P. 1.101. No administrative rule applicable to the Board allows untimely protests. After today, does any untimely amendment to cure an otherwise fatal deficiency in a property-assessment protest now relate back to the missed deadline? If so, the statutory filing deadlines are undermined. Time will reveal the fallout to result from applying the relation-back rule to untimely protests.

Our court of appeals has correctly held that amendments to property-assessment appeals do not relate back to the filing deadline. *See W. Iowa Coop. v. Woodbury Cnty. Bd. of Review,* No. 05–0989, 2006

WL 1229940, at *2–3 (Iowa Ct. App. Apr. 26, 2006). Western Iowa Cooperative (WIC) had filed eleven protests with the Woodbury County Board of Review challenging the Woodbury County Assessor's 2002 assessment of its properties. *Id.* at *1. At the hearing on these protests, WIC orally amended the petitions to instead challenge the 2004 assessment. *Id.* The board of review denied WIC's protests as untimely. *Id.* The district court upheld the board's decision. *Id.* The court of appeals affirmed and specifically rejected WIC's argument that its oral amendment of the protests at the hearing "should relate back to the date of the original filing." *Id.* at *2–3. The court of appeals emphasized that

> the board of review is a creature of statute and that it possesses certain powers and duties as limited by statute. Here, no rule or statute allows for either the untimely filing of an assessment protest petition or the relation back of any untimely amendment. We further note that a variety of cases have held that certain rules of the Iowa Rules of Civil Procedure do not apply to tax assessment proceedings before the board of review. *See, e.g.*, *Waterloo Civic Center Hotel Co. v. Board of Review*, 451 N.W.2d 489 (Iowa 1990) . . . . We . . . therefore affirm the district court's conclusion that [Iowa Rule of Civil Procedure] 1.402 is inapplicable to the amendment of assessment protests filed outside the statutory time period of section 441.37.

*Id.* at *3 (footnote and citation omitted); *cf. Wade Farms, Inc. v. City of Weldon*, 419 N.W.2d 718, 723 (Iowa 1988) (declining to apply rules of civil procedure to chapter 472 condemnation appeals, which have a different statutory deadline). We should reach the same result here.

The Ohio Supreme Court enforced a property-assessment appeal deadline in *Austin Co. v. Cuyahoga County Board of Revision*, 546 N.E.2d 404, 406–07 (Ohio 1989) (per curiam). There, the state supreme court held that the taxpayer's obligation to file a timely notice of appeal with the county review board was not excused by the appellate board's docketing letter. *Id.* The court rejected the taxpayer's substantial

compliance argument because the requisite notice had an essential purpose and was jurisdictional. *Id.* at 406. The court observed the notice of appeal "gives more information than does the [appellate board]'s docketing letter," including the taxpayer's "current claim of fair market value," information that "could lead to settlement of the appeal prior to the [appellate board]'s hearing." *Id.* at 406–07. Accordingly, the court concluded "good reasons exist for the statutory design requiring [the taxpayer] to file a timely notice of appeal with the board of revision." *Id.* at 407. Similarly, good reasons exist for requiring Iowa taxpayers to state the grounds for their protest by the filing deadline. This allows the board to prepare to meet the protest on schedule. The filing deadline is undermined if it can be satisfied by a cover letter stating no ground for the protest to be supplemented weeks later after the board dismisses the initial, deficient filing as occurred here.

Lawyers take chances by waiting until the last day to file if something goes wrong. Mistakes have consequences. It is unfortunate when a deadline is missed through a clerical error. But our legislature made a choice in section 441.37 to allow relief only for the *assessor's* clerical error, not the taxpayer's. *See* Iowa Code § 441.37(2). The majority effectively rewrites the statute to add a savings clause for the taxpayer's clerical error. That is not our court's role.

I would affirm the court of appeals, reverse the district court, and affirm the Board of Review's decision to deny relief.

Mansfield and Zager, JJ., join this dissent.