WATERMAN, Justice
(dissenting).'
I respectfully dissent. I believe the majority errs by second-guessing the decision of the Davis County Board of Review (Board) to deny the untimely property-assessment protest of a taxpayer who missed the statutory deadline to file a petition' stating a ground for relief. The Board correctly rejected MC Holdings’ request to cure its deficient filing, stating:
This correspondence is to notify you of Davis County Board of Review’s decision to not act upon your “Application For Reconsideration” due to untimely filing. To accept this application would result in inequity to other property owners that have other hardships/excuses which resulted in untimely filings.
I agree with the court of appeals decision upholding the Board’s decision and reversing the district court’s ruling reinstating this protest.
The same deadline applies to all taxpayers protesting assessments. It makes sense that the Board would deny relief when the deadline is missed. The dead-' line is not a real deadline if late filings are excused. The majority acknowledges “the board would have no authority to act on the protest by granting relief when the protester failed to identify a ground for relief required by [Iowa Code] section 441.37.” Yet the majority, relying on in-apposite cases, also concludes the Board has the authority to allow the protester to belatedly cure the delinquent filing by amendment. I disagree. Nothing in the governing statute, Iowa Code chapter 441, authorizes the Board to extend the May 5 deadline to file a protest in the proper county stating a ground for relief.
Today’s decision replaces a clear deadline with confusion and uncertainty and *332 raises more questions than it answers. Can the Board enforce the deadline in future cases? If, according to the majority, the Board has the authority to permit a taxpayer to first identify the ground for the protest after the deadline, is the Board now required to allow the late amendment? Can it pick and choose which untimely petitions warrant relief, and if so, on what grounds? Will results vary from county to county? Can an unprepared lawyer simply file a letter on May 5 identifying the property and taxpayer and supply the ground for the protest weeks later? Or can this case be limited to its unique facts? On remand, can this Board exercise its discretion and again deny MC Holdings’ protest as untimely?
Extending the May 5 deadline is unfair to the opposing parties, to the boards administering such claims on tight schedules, and to the ninety-nine percent of Iowa lawyers who comply with deadlines and pleading requirements. The majority relies in part on Iowa Rule of Civil Procedure 1.977, which “permit[s] default judgments to be set aside for mistakes and inadvertence.” But, the lawyer’s mistake in this case — mailing the protest petition to the wrong county on the day of the deadline — would not constitute good cause to set aside a default judgment under that rule. See Madsen v. Litton Indus., Inc., 498 N.W.2d 715, 718 (Iowa 1993) (affirming default judgment resulting from mislabeled file in defense attorney’s office); Purethane, Inc. v. Iowa State Bd. of Tax Review, 498 N.W.2d 706, 711 (Iowa 1993) (“Defaults which result from the negligence or carelessness of defendant or defendant’s attorney will not be set aside, for the law rewards the diligent and not the careless.”).
The May 5 protest deadline is jurisdictional and functions like a statute of limitation. The majority effectively holds a cover letter merely identifying the taxpayer and property stops the clock when supplemented with the correct petition seventeen days later. What if a lawyer inadvertently swapped petitions filed by mail in a pair of civil actions to quiet title to property located' in different counties? If the cover letter received and filed on the last day of the statute of limitations identified the parties and property, but stated no ground for relief and enclosed the wrong petition, wouldn’t we hold the action is time-barred even if the correct petition is filed a day later?
Section 441.37(1) requires the taxpayer to confine its protest to the grounds enumerated therein. See Iowa Code § 441.37(l)(a )-(e) (2009). The court of appeals correctly held that MC Holdings’ protest was fatally deficient without a timely filed petition stating a ground for relief. The court of appeals aptly observed that although “the swapped petitions are an unfortunate bar to the taxpayers’ protests, our legislation and caselaw provide no avenue to forgive such a defect in filing.”
“It is not for us to regret that we have been compelled to follow a strict and technical line in our decision set out above. The so-called technicalities of ■the law are not always what they seem. When they establish an orderly process of procedure, they serve a definite purpose and are more than technical; they have substance, in that they lay down definite rules which are essential in court proceedings so that those involved may know what may and may not be done and confusion, even chaos, may be avoided. They are necessary; without them litigants would be adrift without rudder or compass. We have, and should have, no compunction in following them when they are clear and definite.”
*333 BHC Co. v. Bd. of Review, 351 N.W.2d 523, 526 (Iowa 1984) (quoting Esterdahl v. Wilson, 252 Iowa 1199, 1208, 110 N.W.2d 241, 246 (1961)).
The majority opinion is at odds with the statutory requirements for protesting property-tax assessments. A taxpayer who fails “ ‘to make a timely protest or to take a timely appeal to court deprives the taxpayer of [the] protest or appeal and renders the assessment a finality for that year.’” Vogt v. Bd. of Review, 519 N.W.2d 395, 396 (Iowa 1994) (quoting Farmers Grain Dealers Ass’n v. Woodward, 334 N.W.2d 295, 298 (Iowa 1983), overruled on other grounds by Transform, Ltd. v. Assessor of Polk Cnty., 543 N.W.2d 614, 617 (Iowa 1996)). This is because the board of review is without authority to consider untimely protests, unless based on the assessor’s clerical or mathematical error as provided in section 441.37(2). See Iowa Admin. Code r. 701-71.20(4)(a) (2009) (“A board of review may only act upon written protests which have been filed with the board of review between April 16 and May 5, inclusive.”). Accordingly, the Board reached the correct result by rejecting MC Holdings’ protest. By forcing the Board to consider a petition filed May 22, the majority today effectively invalidates the administrative rule.
The majority does not find MC Holdings “substantially complied” with the requirements of section 441.37, but affirms the district court ruling that found substantial compliance. The district court erred. Cf. Waterloo Civic Ctr. Hotel Co. v. Bd. of Review, 451 N.W.2d 489, 491 (Iowa 1990) (noting substantial compliance with statutory procedures “does not permit a court to extend the time within which an appeal may be taken”). Obviously, a protest that omits stating any ground for relief by the May 5 deadline fails to comply or substantially comply with the obligation to timely identify at least one of the grounds enumerated in section 441.37(l)(a )-(e). A finding of substantial compliance may be appropriate when the protest identifies a specific ground but fails to fully set forth supporting information. See Metro. Jacobson Dev. Venture v. Bd. of Review, 476 N.W.2d 726, 729-30 (Iowa Ct.App.1991) (holding taxpayer substantially complied with requirement to provide “the legal description and assessments of a representative number of comparable properties”). MC Holdings’ failure to identify any ground for its Davis County protest by May 5 was fatal to its appeal.
“The obvious purpose of [section 441.37(1) ] is to provide the assessor’s office with reasonable notice of the basis of the taxpayer’s protest....” Id. at 730 (emphasis added). Under this standard, taxpayers must do more than merely give the board of review notice that they are protesting the assessment, they must also provide the board of review with the grounds for their protest. Without this information, the board of review cannot properly consider the taxpayer’s protest and “ma[ke a] final disposition of the protest,” as is required under section 441.37(3). A cover letter that merely identifies the taxpayer and property, without stating any ground for the protest, is insufficient. And, unlike in Metropolitan Jacobson, there is no indication that the board of review could otherwise discern MC Holdings’ grounds for its protest from its May 5 cover letter. See Metro. Jacobson, 476 N.W.2d at 730 (“[N]o one claims that he or she was unable to discern which [comparable] properties were at issue.”). The statute “does not require that the board be clairvoyant.” Montgomery Ward Dev. Corp. v. Cedar Rapids Bd. of Review, 488 N.W.2d 436, 442 (Iowa 1992), overruled on other grounds by Transform, 543 N.W.2d at 617.
*334 Although the majority concedes MC Holdings missed the May 5 deadline to file a protest identifying a ground for relief, it faults the Board for not allowing the untimely application for reconsideration that belatedly provided a petition with the grounds identified. The majority is unable to cite any authority applying chapter 441 that authorizes the Board to allow the taxpayer to cure a fatal deficiency in its protest after the statutory deadline. The majority cites Hoenig v. Mason & Hanger, Inc., 162 N.W.2d 188, 192 (Iowa 1968), for the proposition that “[njormally, [the] power granted [to] an administrative agency to decide claims includes authority to permit deficiencies in the pleadings pertaining to the claims to be cured.” See id. Hoenig ’s general proposition does not support the leap made by the majority to hold that the Board was authorized to allow MC Holdings on May 22 to cure a fatal omission in its May 5 filing. The Hoenig court affirmed the commissioner’s dismissal of a workers’ compensation claim on defendant’s motion after the claimant failed to respond to an order for a more specific statement. Id. at 193. Our court upheld the agency’s dismissal, recognizing to hold otherwise “would serve to render ineffective those administrative powers of the commissioner essential to the orderly exercise of the duties imposed upon him by law.” Id. The same is true here. Hoenig thereby supports the Board’s dismissal.
The majority cites no authority for applying the relation-back rule to a property-assessment appeal pending before the board of review. See Iowa R. Civ. P. 1.402(5) (“Wherever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.”). The rules of civil procedure govern court proceedings and do npt trump statutory deadlines for administrative appeals. See Iowa R. Civ. P. 1.101. No administrative rule applicable to the Board allows untimely protests. After today, does any untimely amendment to cure an otherwise fatal deficiency in a property-assessment protest now relate back to the missed deadline? If so, the statutory filing deadlines are undermined. Time will reveal the fallout to result from applying the relation-back rule to untimely protests.
Our court of appeals has correctly held that amendments to property-assessment appeals do not relate back to the filing deadline. See W. Iowa Coop. v. Woodbury Cnty. Bd. of Review, No. 05-0989, 720 N.W.2d 192, 2006 WL 1229940, at *2-3 (Iowa Ct.App. Apr. 26, 2006). Western Iowa Cooperative (WIC) had filed eleven protests with the Woodbury County Board of Review challenging the Woodbury County Assessor’s 2002 assessment of its properties. Id. at *1. At the hearing on these protests, WIC orally amended the petitions to instead challenge the 2004 assessment. Id. The board of review denied WHC’s protests as untimely. Id. The district court upheld the board’s decision. Id. The court of appeals affirmed and specifically rejected WIC’s argument that its oral amendment of the protests at the hearing “should relate back to the date of the original filing.” Id. at *2-3. The court of appeals emphasized that
the board of review is a creature of statute and that it possesses certain powers and duties as limited by statute. Here, no rule or statute allows for either the untimely filing of an assessment protest petition or the relation back of any untimely amendment. We further note that a variety of cases have held that certain rules of the Iowa Rules of Civil Procedure do not apply to tax assessment proceedings before the board of review. See, e.g., Waterloo *335 Civic Center Hotel Co. v. Board of Review, 451 N.W.2d 489 (Iowa 1990).... We ... therefore affirm the district court’s conclusion that [Iowa Rule of Civil Procedure] 1.402 is inapplicable to the amendment of assessment protests filed outside the statutory time period of section 441.87.
Id. at *3 (footnote and citation omitted); cf. Wade Farms, Inc. v. City of Weldon, 419 N.W.2d 718, 723 (Iowa 1988) (declining to apply rules of civil procedure to chapter 472 condemnation appeals, which have a different statutory deadline). We should reach the same result here.
The Ohio Supreme Court enforced a property-assessment appeal deadline in Austin Co. v. Cuyahoga County Board of Revision, 46 Ohio St.3d 192, 546 N.E.2d 404, 406-07 (1989) (per curiam). There, the state supreme court held that the taxpayer’s obligation to file a timely notice of appeal with the county review board was not excused by the appellate board’s docketing letter. Id. The court rejected the taxpayer’s substantial compliance argument because the requisite notice had an essential purpose and was- jurisdictional. Id. at 406. The court observed the notice of appeal “gives more information than does the [appellate boardj’s docketing letter,” including the taxpayer’s “current claim of fair market value,” information that “could lead to settlement of the appeal prior to the [appellate board]’s hearing.” Id. at 406-07. Accordingly, the court concluded “good reasons exist for the statutory design requiring [the taxpayer] to file a timely notice of appeal with the board of revision.” Id. at 407. Similarly, good reasons exist for requiring Iowa taxpayers to state the grounds for their protest by the filing deadline. This allows the board to prepare to meet the protest on schedule. The filing deadline is undermined if it can be satisfied by a cover letter stating no ground for the protest to be supplemented weeks later after the board dismisses the initial, deficient filing as occurred here.
Lawyers take chances by waiting until the last day to file if something goes wrong. ■ Mistakes have consequences. It is unfortunate when a deadline is missed through a clerical error. But our legislature made a choice in section 441.37 to allow relief only for the assessor’s clerical error, not the taxpayer’s. See Iowa Code § 441.37(2). The majority effectively rewrites the statute to add a savings clause for the taxpayer’s clerical error. That is not our court’s role.
I would affirm the court of appeals, reverse the district court, and affirm the Board of Review’s decision to deny relief.
MANSFIELD and ZAGER, JJ„ join this dissent.